Enrique Esteban GANDUXE y MARINO, Plaintiff,

v.

John L. MURFF, District Director of the Immigration and Naturalization Service for the New York District, Defendant.

United States District Court
S. D. New York.

March 28, 1959.

Fried & Mailman, New York City, for plaintiff.

Arthur H. Christy, U. S. Atty., S. D. New York, New York City, for defendant. Charles J. Hartenstine, Jr., Sp. Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

This is an action for declaratory judgment pursuant to section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009, upon the conclusion of administrative proceedings, seeking judicial review of the order that plaintiff be deported under section 241(a) (1) of the Immigration and Nationality Act, 8 U.S.C. § 1251 (a) (1).

Plaintiff moves for an injunction pendente lite restraining defendant from executing the order of deportation. Defendant cross-moves under Rule 56, F.R. Civ.P., for summary judgment dismissing the complaint.

Plaintiff is a thirty-year-old alien, a native and citizen of Cuba. His deportation was ordered on the ground that his last entry into the United States was unlawful under section 212(a) (19) of the Immigration and Nationality Act, 66 Stat. 183, 8 U.S.C. § 1182(a) (19), because he had procured a visa by fraud or by wilfully misrepresenting material facts. The alleged misrepresentation was his statement before the Consul at Havana, Cuba, that he had never been arrested or convicted.

The facts were that, while a visitor to the United States, on November 14, 1953, in New York City, he had been arrested and thereafter convicted in the Magistrate's Court upon his plea of guilty to a violation of section 722, subdivision 8 of the Penal Law of the State of New York, in that, with intent to provoke a breach of the peace, he did loiter at 53rd Street and Third Avenue, for the purpose of inducing men to commit acts against nature or other lewdness. He was fined $25 or, in default of payment, was committed to imprisonment in City prison not to exceed ten days.

Thereafter plaintiff in Havana applied for a visa to permit his entry into the United States for permanent residence. His application was in writing and contained the statement that he had never been arrested or convicted. He obtained the visa and on the strength of it entered the United States at Tampa, Florida, on November 28, 1955 and was admitted for permanent residence.

On November 16, 1956, the Immigration Service served plaintiff with a warrant of arrest and an order to show cause why he should not be deported. On the previous day, November 15, 1956, plaintiff had been interviewed by an immigration officer and he had then voluntarily made a sworn statement which was recorded in writing and signed. In it he said that he had answered "never" to the question whether he had ever been arrested or convicted on his application for a visa because he believed that that question referred only to his record in Cuba. At the hearing he changed his story and said that he had not read the question and that no one had read it to him, the word "never" having been filled in by a typing clerk at the American Embassy upon her referring to papers he had previously submitted to the Consulate.

The act to which plaintiff pleaded guilty was clearly one involving moral turpitude, United States v. Flores-Rodriguez, 2 Cir., 237 F.2d 405, so that without more plaintiff would have been excludable and deportable. The so-called Sheepherders Act, 68 Stat. 1145, adopted in 1954, 8 U.S.C. § 1182a, however, provided that a first offense should not be the ground for exclusion if it were a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of Title 18 United States Code, "by reason of the punishment actually imposed". Section 1(3) of Title 18 defines as a petty offense "[A]ny misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both". Here the punishment was but $25 or ten days and thus well within the six months imprisonment and fine of $500 which are the limits of the class of petty offense under section 1(3) of Title 18 U.S.Code.

On November 23, 1955, the date plaintiff submitted his application for a visa to the Vice Consul in Havana, Cuba, section 212(a) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a) stated:

"Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\*　　\*　　\*　　\*　　\*　　\*

(4) Aliens afflicted with psychopathic personality \* \* \*

\*　　\*　　\*　　\*　　\*　　\*

(9) Aliens who have been convicted of a crime involving moral

turpitude (other than a purely political offense) * * *

\* \* \* \* \* \*

(13) Aliens coming to the United States to engage in any immoral sexual act;

\* \* \* \* \* \*

(15) Aliens who, in the opinion of the consular officer at the time of application for a visa, * * * are likely at any time to become public charges;

\* \* \* \* \* \*

(19) Any alien who seeks to procure, or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States, by fraud, or by willfully misrepresenting a material fact."

At that time section 241 of the Immigration and Nationality Act, 8 U.S.C. § 1251, provided as it still does that any alien in the United States should, on the order of the Attorney General, be deported who, "at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry".

It is clear that plaintiff is not deportable simply on the ground of his conviction. He is protected by the Sheepherders' Act. Hence the Immigration Service based the determination of his deportability upon the fact that he had procured a visa by fraud or by wilfully misrepresenting a material fact.

I reject plaintiff's claim that he signed his visa application without knowing that it stated that he had never been arrested or convicted. His first voluntary statement that he thought the question related to arrest or conviction in Cuba is utterly inconsistent with his later claim that he did not know that he had signed a statement that he had never been arrested or convicted.

Thus his statement was false. The substantial question remains whether the misrepresentation was material.

If plaintiff had disclosed his arrest for loitering to solicit homosexual acts an attempt would almost certainly have been made to exclude him under subdivision (4) which excludes "aliens afflicted with psychopathic personality".

Senate Report No. 1137, 82nd Cong. 2nd Sess., explains, p. 9:

"Existing law does not specifically provide for the exclusion of homosexuals and sex perverts. * * * The Public Health Service has advised that the provision for the exclusion of aliens afflicted with psychopathic personality or mental defect which appears in the instant bill is sufficiently broad to provide for the exclusion of homosexuals and sex perverts."

It might well be that any attempt to prove the plaintiff to be a homosexual would have been unsuccessful. He now presents a certificate from a physician that he is not a homosexual. Nevertheless, by the false statement that he had never been convicted of a crime, plaintiff succeeded in escaping an investigation by the Vice Consul as to whether or not he was a homosexual. A decision that an alien may make a false statement in his application for a visa in order to avoid the raising of a substantial question as to his eligibility and then, if he is caught in the false statement after having successfully choked off investigation, may try out his eligibility just as if nothing had happened would, it seems to me, be an invitation to false swearing. Judge Dawson in In re Field's Petition, D.C.S.D.N.Y., 159 F.Supp. 144, 147, stated that the rule of this Circuit "is that not any misrepresentation warrants a finding of fraud or materiality, but that there must be a showing that the misrepresentation concealed facts which 'might well have prompted a final refusal' of the visa, or 'might have resulted in a proper refusal of the visa' ", citing United States ex rel. Jankowski v. Shaughnessy, 2 Cir., 1951, 186 F.2d 580, 582 and United States v. Flores-Rodriguez, supra.

In the Field case the alien had failed to disclose in answer to a question as to her former places of residence that she had resided in Russia. She admitted that

she did so because she feared that there would be an investigation as to Communist affiliation. As a matter of fact, she had no Communist affiliation. She was held not to be excludable despite the false statement in the application.

Materiality is a question of degree. Disclosure of residence in Russia for a year and a half is not nearly so likely to result in a refusal of a visa on the ground of membership in the Communist party as pleading guilty to loitering to solicit homosexual acts is to result in refusal of a visa on the ground that the alien is afflicted with psychopathic personality, i. e., is a homosexual.

Plaintiff was properly ordered deported.

Defendant's motion for summary judgment dismissing the complaint is granted.

Plaintiff's motion for an injunction pendente lite is dismissed.