Sara Harb QUIROZ, Appellant,

v.

Marcus T. NEELLY, District Director, Immigration and Naturalization Service, (Richard C. Haberstroh, District Director, Immigration and Naturalization Service, substituted as party appellee for Marcus T. Neelly, District Director, retired), Appellee.

No. 18724.

United States Court of Appeals
Fifth Circuit.
June 23, 1961.

---

Arturo R. Aguirre, Albert Armendariz, El Paso, Tex., for appellant.

Russell B. Wine, U. S. Atty., San Antonio, Tex., Lawrence L. Fuller, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before JONES and BROWN, Circuit Judges, and DE VANE, District Judge.

JONES, Circuit Judge.

The appellant is a native and national of Mexico. She was ordered deported from the United States as being afflicted with a psychopathic personality under Section 212(a) (4) of the Immigration and Nationality Act of 1952,[1] and brought a proceeding in the district court of the Western District of Texas to review the order of deportation. The district court entered judgment affirming the administrative deportation order. This appeal seeks a reversal of the district court judgment and of the deportation order.

The evidence established that the appellant is a homosexual, and on this evidence she was found to be a psychopathic personality. Two doctors, one of them a psychiatrist, testified that homosexuals are not necessarily psychopathic personalities as that term is understood and used by the medical profession. We find

it unnecessary "to embark" as Judge Frank has said, "on an amateur's voyage on the fog-enshrouded sea of psychiatry." United States v. Flores-Rodriguez, 2 Cir., 1956, 237 F.2d 405, 412. The term "psychopathic personality" is new in the 1952 Act. The legislative history is clear as to the meaning to be given to these words. In the report of the Senate Committee on the Judiciary it is said:

> "Existing law does not specifically provide for the exclusion of homosexuals and sex perverts. The provisions of S. 716 which specifically excluded homosexuals and sex perverts as a separate excludable class does not appear in the instant bill. The Public Health Service has advised that the provisions for the exclusion of aliens afflicted with psychopathic personality or a mental defect which appears in the instant bill is sufficiently broad to provide for the exclusion of homosexuals and sex perverts. This change of nomenclature is not to be construed in any way as modifying the intent to exclude all aliens who are sexual deviates." S.Rep. No. 1137, 82d Cong. 2d Sess. (1952). See H.R.Rep. No. 1365, 82d Cong. 2d Sess. (1952).

Whatever the phrase "psychopathic personality" may mean to the psychiatrist, to the Congress it was intended to include homosexuals and sex perverts. It is that intent which controls here. Cf. Marino v. Murff, D.C.S.D.N.Y.1959, 183 F.Supp. 565, affirmed sub nom. Marino v. Esperdy, 2 Cir., 278 F.2d 330, certiorari denied 364 U.S. 824, 81 S.Ct. 61, 5 L.Ed. 2d 53; United States v. Flores-Rodriguez, supra.

The order of deportation was properly entered. The judgment of the district court is

Affirmed.

---

1. "Except as otherwise provided in this Act, the following classes of aliens * * * shall be excluded from admission into the United States:

\* \* \* \* \*

"(4) Aliens afflicted with a psychopathic personality, epilepsy, or a mental defect." 8 U.S.C.A. § 1182(a) (4).