**Van Buren JOHNSON, Appellant,**

*v.*

**UNITED STATES of America,**
**Appellee.**

**No. 18483.**

United States Court of Appeals
Fifth Circuit.

July 20, 1961.

Will A. Hickman, Oxford, Miss., for appellant.

Thomas R. Ethridge, U. S. Atty., Oxford, Miss., for appellee.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

CARSWELL, District Judge.

This is an appeal from the District Court's order denying motion to vacate sentence under provisions of Title 28, United States Code, Section 2255.

On August 6, 1958, appellant Johnson waived right to counsel and indictment and entered plea of guilty to violations of Title 18, United States Code, Section 2312. He was sentenced to a term of five years. He entered the penitentiary on August 20, 1958. On September 29, 1958, he was admitted to the psychiatric ward of the institution. On October 21,

1958, he was examined by a psychiatrist, who, upon consultation with two others of that profession, certified that he was psychotic, with psychopathic personality, and recommended that he be transferred to the Medical Center for Federal Prisoners, Springfield, Missouri.

Thereafter, on May 8, 1959, Johnson filed motion under Title 28, United States Code, Section 2255, and was granted a hearing by the District Court to determine whether or not at the time he waived counsel and indictment, and at the time he entered plea of guilty he was mentally competent so as to understand the nature of the proceedings and to assist in his own defense.

Following hearing the District Court entered full and clear findings of fact and conclusions of law adverse to Johnson's contentions, and it is from this denial of relief that this appeal results.

■ From careful examination of the record we conclude that there was adequate testimony to support the District Court's determination that Johnson was competent at the time he entered his plea of guilty. Despite Johnson's testimony at the hearing that he did not remember previous court proceedings, two psychiatrists who had previously examined him, and who also heard his claim of amnesia, expressed opinion that this was feigned. Both testified that Johnson for most of his life had a psychopathic personality or character disorder. They testified that he suffered from various mental disorders; that he had severe emotional problems, was maladjusted and anti-social in behavior. But, in their professional judgment, they believed at the time he entered his plea of guilty, waived counsel and indictment that he was mentally competent so as to understand the nature of the proceedings and to assist in his own defense. It was their testimony that the psychosis developed suddenly *after* incarceration and that the illness was precipitated by the incarceration. Moreover, the Chief of the Psychiatric Service at the Medical Center for Federal Prisoners testified that in his opinion Johnson was competent and could assist in the proceedings at the day of the hearing. Based upon his examination of Johnson's record he could find no reasonable doubt that Johnson was competent to understand the proceedings and assist in his defense at the time of original plea and sentence.

The transcript of testimony taken at arraignment and sentencing tends to substantiate these opinions of competency by virtue of Johnson's apparent lucidity in responding to questions propounded to him at the time.

While determination of the state of mental competence is a most serious and difficult responsibility, and while this is particularly true when the inquiry relates to a specific point of time in the past, the test of ultimate decision lies in the evidence. Following examination and observation of appellant over a period of time, experienced psychiatrists gave their professional views that he was feigning and was, in fact, competent at the critical times. The fact of his hospitalization shortly after incarceration, while emphasizing the advisability and, indeed, the necessity of the District Court's granting hearing, does not impel destruction of these professional opinions or the District Court's reliance upon them in the context of the record as a whole.

Human experience in the analysis of the mind has not developed such scientific precision as would require a more rigid standard. Despite sound reluctance of courts "to embark" as Judge Frank put it "on an amateur's voyage on the fog-enshrouded sea of psychiatry," here the very nature of the inquiry itself demands delving into the field of medico-legal art, and the District Court must form conclusions from all the evidence at hand. See United States v. Flores-Rodriguez, 2 Cir., 1956, 237 F.2d 405, at page 412 and Quiroz v. Neely, 5 Cir., 291 F.2d 906. This was done. There is adequate support in the record here for the District Court's determination of the issue, and we cannot require more.

■ Appellant further claims that the Assistant United States Attorney, prior

to arraignment date, had reason to believe that he was incompetent and, therefore, should have moved to require him to submit to psychiatric examination in accordance with Title 18, United States Code, Sections 4244 and 4246. Assuming, arguendo, this to be so, and while there can be little doubt that unstinting use of pre-arraignment examination wherever indicated is in accord with good judgment and the mandate of Congress as expressed in these Acts, still the failure so to do does not, in itself, bar further judicial inquiry into competency. Clearly the findings of such examination under Section 4246 would not be in themselves dispositive of the issue presented by motion under Section 2255, which gives prisoner the opportunity to have his competency determined at a hearing following plea and sentence to determine his mental competency at the times in question. Gregori v. United States, 5 Cir., 1957, 243 F.2d 48; Brown v. United States, 5 Cir., 1959, 267 F.2d 42; Davis v. United States, 6 Cir., 1959, 270 F.2d 177, certiorari denied 361 U.S. 852, 80 S.Ct. 113, 4 L.Ed.2d 91; Simmons v. United States, 8 Cir., 1958, 253 F.2d 909.

 Finally, there is no merit in appellant's contention that the District Court erred in excluding him from the courtroom during the testimony of the psychiatrists. On motion to vacate sentence under Title 28, United States Code, Section 2255, the statute itself provides that the court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." Appellant was represented by counsel, and was before the court pursuant to a writ of habeas corpus ad testificandum. His presence there was for a specific purpose, e. g., to testify. The court's purpose in excluding him, as appears from the record, was for the benefit and mental well-being of appellant in that he might be affected adversely by hearing testimony relating to his mental condition.

The judgment of the District Court is Affirmed.