**UNITED STATES of America,**

**v.**

**Joseph ABRAMS et al., Defendants.**

United States District Court
S. D. New York.

Aug. 14, 1964.

See also 29 F.R.D. 178.

**530**

Robert M. Morgenthau, U. S. Atty., by Michael F. Armstrong, Asst. U. S. Atty.

Gainsburg, Gottlieb, Levitan & Cole, New York City, for defendants Joseph Abrams and Richland Securities, Inc., Samuel Gottlieb, and Louis A. Tepper, of counsel.

Bernard D. Cahn, and Robert E. Smith, New York City, for defendant Sydney L. Albert.

TYLER, District Judge.

The purpose of this memorandum and order is to dispose of a number of procedural and other problems which confront counsel and the court as a result of certain post-verdict developments in this case.

To put these matters in reasonable focus, it may be helpful to recite some of the history of the proceedings, particularly those after the jury rendered a verdict late in the evening of February 16, 1964 after some five and one-half months of trial. Several days prior to the verdict date and on the morning after both the prosecution and all defendants had rested but before summations had begun, counsel for defendant Sydney L. Albert made an oral motion on the record pursuant to 18 U.S.C. § 4244 for a determination that that defendant was and had been throughout the trial incapable of fully understanding the nature of the proceedings and participating in his own defense. As counsel for defendant Albert were frank enough to concede, there was at that time no substantial evidence whatsoever available on this issue; thus, with the consent of counsel, the case proceeded to verdict. Defendants Joseph Abrams, Richland Securities, Inc. and Sydney Albert were convicted by the jury upon a number of counts in this indictment charging criminal violations of the Securities Act of 1933. Larry Knohl, the fourth defendant standing trial, was acquitted of all charges against him.

Some weeks after the verdict, and at the invitation of the court, counsel for Albert submitted affidavits and other materials in support of his motion pursuant to Section 4244. Hearings and conferences were held, as a result of which this court entered an order committing Albert to the United States Medical Hospital in Springfield, Missouri for observation and report by government psychiatrists.

The reports of the latter were received by this court and counsel directly concerned in June of this year. Shortly after the receipt of these reports, it was agreed by counsel for the government and counsel for Albert that a full hearing on the Section 4244 issue would commence on August 12, 1964. Some days later, on July 21, 1964, however, counsel for Albert notified the court and the United States Attorney that Albert had suffered an acute coronary incident which required his hospitalization in Trenton, New Jersey on that day.

Accordingly, it has been necessary to appoint a doctor to examine Mr. Albert

and to indefinitely adjourn the hearings on the Section 4244 question.

Prior to the advent of Mr. Albert's heart illness in July, this court had informally advised not only the prosecution but also all defense counsel that the sentencing of the defendants Abrams and Richland Securities, Inc., as well as that of Albert, would be deferred pending a resolution of Albert's incompetency motion. When it became apparent that those particular proceedings might be indefinitely delayed, counsel for the parties were invited by the court on July 28, 1964 to express their views in writing on the question as to whether or not sentencing of the latter two defendants could or should be deferred any longer.

▮ With this brief and rather general history of the pertinent proceedings up to date, I will address myself first to the present physical condition of Mr. Albert, the prognosis of such condition for the foreseeable future and the related question of the disposition of the hearing date for his Section 4244 motion. Upon consideration of the report of one of Mr. Albert's doctors [1] and of the report of Dr. Alfred J. Schwager dated August 10, 1964 and rendered to the United States Attorney in accordance with an earlier order of this court, I determine that Mr. Albert reasonably can be expected to be a convalescent patient until on or about December 1, 1964 and thus not reasonably available for participation in any hearings until that date at the very earliest. Accordingly, there would appear to be no practical alternative but to adjourn the hearings on the issue of his competency *sine die* with the expectation that such hearings probably cannot be commenced, at the earliest, until December, 1964.[2]

▮ This leads to the next question, whether or not under such circumstances it is appropriate and desirable to continue to defer the sentencing of defendants Joseph Abrams and Richland Securities, Inc. As is obvious to all concerned, it is at least theoretically possible that the two mentioned defendants will be at least indirectly affected or concerned about the outcome of the competency issue involving the defendant Albert. Counsel for defendants Abrams and Richland now urge, in response to the aforementioned invitation of this court, that sentencing of these two defendants should be deferred until the Albert hearings are completed, whenever that date may be. After careful consideration of this view of the matter and in particular the letter of Samuel Gottlieb, Esq. dated August 5, 1964, I conclude that there are no legal or practical reasons to defer sentencing of these defendants for such a long and indeed indefinite period. It is true that neither court nor counsel have been able to uncover any authorities dealing squarely with the problem. Yet as I view the matter, even if it be assumed that the two defendants in question will be substantially affected by the outcome of the Albert Section 4244 hearings, there is no legal or practical impediment to their making such appropriate applications to fully protect their rights as they are advised when this court finally reaches a determination required by Section 4244.

More particularly, assuming that said two defendants in the future will be advised to contend that the claimed incompetence of another defendant so infected the trial as to create essential unfairness to them, there would then be open a number of procedural avenues to adequately raise such a point. See Rule 33, Federal Rules of Criminal Procedure; United States v. Norman Brown, et al., 335 F.2d 170, August 5, 1964 (2d Cir.).

---

1. See report of Dr. Kurt Zeltmacher dated July 23, 1964.

2. Implicit in this conclusion is this court's view, more about which will be discussed *infra*, that Mr. Albert should be present, if reasonably possible, at the hearings on the Section 4244 issue.

There is the additional consideration that no one presently is able to accurately forecast when Mr. Albert and his medical and legal representatives will be able to prepare for and participate in the hearing in question. Theoretically, further delays than that now contemplated may be necessary. Thus, for this reason alone, I find it difficult to conclude that any sound interest of even the defendants Abrams and Richland, not to mention those of the government, will be well served by a potentially indefinite and protracted deferment of sentencing.

Accordingly, it is directed that defendants Abrams and Richland appear for sentencing in Court Room 110 at 11:00 a. m. on September 14, 1964.

In view of this direction, it may be that certain other points raised by counsel for defendants Abrams and Richland lose their practical significance. Inasmuch as I cannot be sure of this, however, I will endeavor to deal with them specifically hereinafter.

■ Citing Johnson v. United States, 293 F.2d 100 (5th Cir. 1961), counsel presses upon the court the argument that the Section 4244 hearing on behalf of Mr. Albert can appropriately be conducted in his absence. Both government counsel and the attorneys for Mr. Albert oppose this proposition. Further, as I understand it, Mr. Albert himself wishes to be present at this hearing. No doubt Abrams and Richland press this argument in good faith, but in my view the Johnson case presented circumstances different than those here present and thus is inapposite. Moreover, there exist other reported cases suggesting serious practical and legal problems if one of these proceedings is conducted in the absence of the party whose competence is in question. See, for example, Martin v. Settle, 192 F.Supp. 156 (W.D.Mo. 1961). It is directed, therefore, that if, as and when the Albert hearing goes forward, absent sound medical or other reasons not now known to the contrary, Mr. Albert should be present.

■ Counsel for Abrams and Richland also advance the argument that they should be entitled to directly participate in the proceeding or hearing on the issue of Albert's competence. As I understand them, they are in practical effect urging that they be permitted to examine and cross-examine witnesses and to offer such other evidence as they deem advisable. Conceding that these defendants have an interest in the proceeding and its outcome, I fail to see any reason in law or logic for permitting this kind of participation by others than the attorneys for the government and the defendant Albert. This court has already directed that counsel for Abrams and Richland may have access to all medical reports and other material which tends to relate to the competency issue, with suitable safeguards, however, to protect insofar as possible the privacy of the defendant involved and his family. Further, of course, there would be no objection to a representative or representatives of the two defendants in question attending the hearing. All of this more than adequately protects the basic rights of the two defendants in question. To permit their counsel to take a more active role would unnecessarily complicate and prolong this already protracted litigation. Also, it should be observed that counsel for the defendant Albert flatly oppose this request by the attorneys for Richland and Abrams, and the government has voiced similar opposition. It is concluded, therefore, that the lawyers for Abrams and Richland should not be permitted to directly participate in the Section 4244 proceedings as they request.

It is so ordered in accordance with the foregoing; it will not be necessary for the parties herein to enter any further formal order.