**Welton SWINNEY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 27811.**

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1970.

Dan M. Lee, W. S. Moore, Jackson, Miss., for petitioner-appellant.

Welton Swinney, pro se.

H. M. Ray, U. S. Atty., J. Murray Akers, Asst. U. S. Atty., Oxford, Miss., for respondent-appellee.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion to vacate sentence under 28 U.S. C.A. § 2255. The petitioner, Welton Swinney, was originally tried and convicted in March, 1966, for the offenses of conspiring to pass forged United States postal money orders and stealing property of the United States post office. His conviction was affirmed by this court in Swinney v. United States, 5 Cir. 1968, 391 F.2d 190. Subsequently, Swinney brought this action under § 2255, seeking post-conviction relief.

The sole basis of Swinney's petition is a claim that he was mentally incompetent to stand trial at the time of his original conviction, a contention not raised at trial or on direct appeal. The court below held a full evidentiary hearing on this issue and concluded that at the time of his original trial in 1966 Swinney had adequate mental competency to understand the nature of the charges against him and to assist his counsel in presenting his defense. This is the test for competency to stand trial approved by the Supreme Court in Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L.Ed.2d 824, and applied by

this circuit. Frye v. United States, 5 Cir. 1969, 411 F.2d 562; Lee v. Alabama, 5 Cir. 1968, 406 F.2d 466, cert. denied, 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246; Floyd v. United States, 5 Cir. 1966, 365 F.2d 368; Merrill v. United States, 5 Cir. 1964, 338 F.2d 763, cert. denied, 386 U.S. 994, 87 S.Ct. 1311, 18 L.Ed.2d 340; Johnson v. United States, 5 Cir. 1961, 293 F.2d 100; Bell v. United States, N.D.Miss.1966, 265 F. Supp. 311, aff'd, 5 Cir. 1967, 375 F.2d 763, cert. denied, 389 U.S. 881, 88 S.Ct. 121, 19 L.Ed.2d 175; United States v. Harris, S.D.Fla.1962, 211 F.Supp. 771, aff'd, 5 Cir. 1963, 316 F.2d 229.

Swinney, however, suggests that the new standard announced by this court in Blake v. United States, 5 Cir. 1969, 407 F.2d 908, should have been applied by the district court at the § 2255 hearing in assessing his competency to stand trial. We do not agree. In *Blake* we announced a standard for testing mental competency at the time of the offense, not ability to stand trial. Whether or not the two standards should be the same we need not and therefore do not here decide. This court in *Blake* plainly held that the new standard there announced would apply only prospectively, i. e., from the date of that decision except as to those cases then on appeal. Swinney's direct appeal from his conviction was affirmed by this court on March 7, 1968, a date clearly before February 12, 1969, the date *Blake* became applicable. The fact that Swinney's § 2255 motion is here on appeal after the effective date of *Blake* does not render that decision any more applicable to his case. To allow a habeas corpus petitioner the benefit of a doctrine applicable only prospectively when his direct appeal occurred or should have occurred prior to the effective date of a doctrine would completely defeat the purpose of making the new doctrine applicable only prospectively.

The court below thus correctly applied the *Dusky* standard. Under that standard the conclusion that Swinney was mentally competent to stand trial in 1966 was not clearly erroneous. The decision of the district court denying Swinney's § 2255 motion is therefore

Affirmed.