**UNITED STATES of America,**
**Plaintiff,**

v.

**Joseph EVERETT, Defendant.**
**Crim. No. 9964.**

United States District Court
D. Kansas.

Oct. 26, 1956.

William C. Farmer, U. S. Atty., Tope-ka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., for plaintiff.

Paul L. Gray (of Gray, Smith & Whyte), Kansas City, Kan., for defendant.

MELLOTT, Chief Judge.

The present issue arises in connection with a motion that defendant and his counsel be furnished with a photostatic copy of a report made to the court by a psychiatrist following an examination under Title 18 U.S.C. § 4244.[1]

---

1. *"Mental incompetency after arrest and before trial.* Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by

The defendant first appeared before this court on April 27, 1956, at which time he was in the custody of the United States Marshal for the District of Kansas under a warrant issued following the filing of a complaint with a United States Commissioner, charging him with a violation of § 113(c), Title 18 U.S.C. On that date the defendant did not have an attorney and, upon inquiry by the court, he requested that one be appointed to represent him. Pursuant thereto, a qualified member of the local bar was appointed. After conferring with defendant, counsel orally moved that an order be entered directing that he be examined by a psychiatrist, stating there were grounds for believing that he, at that time, might not be able to understand the proceedings against him or properly to assist in his own defense.

Upon consideration of the motion, the court directed that the defendant be examined by a psychiatrist at the Medical Center for Federal Prisoners at Springfield, Missouri. This examination was ordered in accordance with the provisions of § 4244, supra. The defendant was transported to the Medical Center and was there for several weeks undergoing observation and examination. He was brought before the court on September 18, 1956, on which date he was represented by employed counsel. At that time, the court had available a report made by the staff of the Medical Center, which contained the conclusions and recommendations of the psychiatrists who had examined the defendant at that institution. The court found that it was the recommendation and opinion of the examining psychiatrists that the defendant was competent to understand the nature of the charges against him and to participate in his defense.

As a result of the recommendation and opinion of the psychiatric staff, the court proceeded with the arraignment of the defendant upon the charge contained in an information that the defendant had, on or about April 12, 1956, at Wadsworth, in the District of Kansas, on lands acquired for the use of the United States and under the exclusive jurisdiction of the United States, feloniously committed an assault with a dangerous weapon in violation of § 113(c), Title 18 U.S.C. The defendant entered a plea of not guilty to that charge.

On October 11, 1956, the defendant, through his counsel, filed the motion now under consideration, seeking permission to inspect and copy the psychiatric reports which had been furnished to the court. The government opposes the motion and has filed a memorandum brief in which it is contended that the reports were made to the court for the sole purpose of assisting it in determining whether the defendant is competent to stand trial; and, inasmuch as such reports are not admissible in evidence in connection with a defense of insanity on the part of the defendant, that it would be improper to make them available to the defendant or to others. Counsel for the defendant urged at the hearing, however, and it seems to be his contention, that the proscription of the statute against the admission in evidence of the reports of the psychiatrists is a privilege which the defendant may waive. Therefore he contends that he should be furnished copies of the reports at this time.

the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury."

The specific question seems not to have been dealt with in any reported case. This court finds itself in agreement generally with the views expressed by counsel for the government.

 The purpose of the legislation of which the quoted section is a part has been discussed in many cases. See, e. g. Greenwood v. United States, 6 Cir., 219 F.2d 376, 381 et seq., affirmed idem. 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412; Wells, by Gillig, v. Attorney General of the United States, 10 Cir., 201 F.2d 556. It would serve no good purpose to include such discussion in this opinion. The underlying purpose of the legislation was to provide for appropriate treatment of insane persons charged with crime in the federal courts. The procedure outlined for determining whether one accused of crime is competent to stand trial applied well-established legal principles by providing that a finding by the judge that the accused is mentally competent to stand trial should in no way prejudice him in a plea of insanity as a defense to the crime charged. In the abundance of caution, although in all probability it was unnecessary, the statute added the concluding sentence that the finding should not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury.

The only hearing contemplated as to a defendant's mental competency, other than a full and complete hearing at the trial of the criminal action, is if the report of the psychiatrist "indicates a state of present insanity or * * * mental incompetency. * * *" Then a hearing is to be had as provided in the act. At that hearing, it seems—although that issue is not presently before the court—the report of the psychiatrist may be submitted in evidence. The difference is important. That hearing is before a judge sitting without a jury.

 The legislation, in the studied judgment of this court, should be applied precisely as written. It seems to be clear that if the psychiatrist's report indi-

cates, and the judge finds, that the accused is mentally competent to stand trial, there is no reason to furnish a copy of such report to anyone. The better practice would seem to be not to do so lest it might be brought to the notice of the jury in violation of the statute. If, however, it becomes necessary to conduct a hearing as contemplated in the other provisions of the enactment, then it is the court's duty to cause the prisoner to be examined "by a qualified psychiatrist designated by the court and one selected by the prisoner" and determine whether the conditions specified in the statutes exist. At that hearing the reports of the psychiatrists and of the board of examiners and other institutional records relating to the prisoner's mental condition are admissible in evidence. Cf. Taylor v. United States, 95 U.S.App.D.C. 373, 222 F.2d 398.

The ruling announced at the conclusion of the oral argument on the motion that it would not be granted will be adhered to.