Jessie Frances **DAVIS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 8649.

United States Court of Appeals
Tenth Circuit.
Aug. 17, 1966.

Andrew M. Coats, Oklahoma City, Okl. (D. Kent Meyers, of Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Okl., on the brief), for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN and SETH, Circuit Judges, and LANGLEY, District Judge.

SETH, Circuit Judge.

Appellant was charged by information on four counts for possession of stolen mail in violation of 18 U.S.C.A. § 1708, and one count of uttering a United States Treasury check with a forged endorsement in violation of 18 U.S.C.A. § 495. Appellant was found guilty by the jury on each count, and she has taken this appeal.

The points raised by the appellant all relate to her defense of insanity, and more particularly she urges that the jury was not properly instructed on the issue.

The record shows that the offenses took place at various times between November 1, 1964, and March 1, 1965. The stolen letters contained checks which were cashed by the appellant at four different stores. A statement was given by the appellant to postal inspectors on January 14, 1965, which admitted the thefts and the cashing of the checks. About four months later she gave an additional statement admitting the uttering of the forged United States Treasury check which had occurred after her first statement to the postal inspector.

After being charged and upon motion appellant was examined at the United States Public Health Service Hospital, and was there placed under observation. The doctors who examined her and who observed her during this period testified that she was competent to stand trial. These doctors further reported that the appellant did have periods of confusion during which she was not aware or responsible for her actions. One of these doctors testified at the trial that it was not possible to determine whether she

had any such periods of insanity at the time of the commission of the offenses. The defense called two lay witnesses who testified that appellant had periods of "blackouts," and called a psychiatrist who testified that she had periods when she was not aware of the nature of her actions. Appellant testified that she did not remember the events with which she was charged nor did she remember making statements to the postal inspectors nor the signing thereof.

The Government freely acknowledges that insanity was an issue at the trial, and that the Government undertook the burden to prove appellant's sanity at the time of the commission of the offenses.

As indicated above, the proof showed the commission of several offenses over a period of time; that the appellant had periods of blackout from time to time, and that according to the expert witnesses she had periods of derangement and periods of normalcy. None of the witnesses testified what her condition was at the particular time of the several offenses.

Appellant moved for a judgment of acquittal at the close of the Government's case on the ground that the prosecution had introduced no evidence of the competency of the appellant at the time the offenses took place. She also made a similar motion at the conclusion of the case. The failure of the trial court to grant these motions is assigned as error. Appellant also asserts that the trial court was in error in failing to instruct the jury properly on the insanity issue, and thereby permitting the jury to decide whether the presumption of sanity had been overcome. The trial court instructed the jury on the sanity presumption as follows:

"The defendant has interposed a defense of insanity in this case. The law presumes that the defendant is sane, but this presumption is rebuttable. Where the defendant introduces some evidence that she had mental disease or defect at the time of the commission of the crimes charged, the mental condition of the defendant is an essential element of the crime charged and the Government must then establish beyond a reasonable doubt that the defendant did not have such mental disease or that despite the mental disease, she had the capacity either to know the criminality of her conduct or she had the capacity to conform to the law or to conform her conduct to the requirements of the law."

▆▆▆ This court has considered this issue in Fitts v. United States, 335 F.2d 1021 (10th Cir.); Phillips v. United States, 311 F.2d 204 (10th Cir.); Fitts v. United States, 284 F.2d 108 (10th Cir.), and Otney v. United States, 340 F. 2d 696 (10th Cir.). We have also considered the matter of insanity instructions generally in Wion v. United States, 325 F.2d 420 (10th Cir.). In these cases, it was held that when evidence of insanity is produced from whatever source, the presumption of sanity thereupon disappears and the mental capacity of the defendant becomes an essential element to be proved. This refers to evidence of mental difficulties either before or after or on the date or dates of the offenses. The determination as to whether sufficient evidence of insanity has been introduced to rebut the sanity presumption is a matter to be decided by the trial judge and not by the jury. In Otney v. United States, supra, we held that this determination of the sufficiency of the evidence to overcome the presumption was not a matter to be submitted to the jury.

▆▆▆ The instruction given in the case at bar, and quoted above, permits the jury to decide whether sufficient evidence of insanity has been introduced to rebut the sanity presumption. The instruction states the law properly as to the presumption, with one exception hereinafter noted, but the error is in submitting the question to the jury at all. We cannot say from the record that the trial court had prior to the submission of the case to the jury made a determination on this point. The instruction, considered as a statement of the law to be applied by the trial court, is however too restrictive in that it limits the ac-

cused's evidence as to her mental condition to the time of the commission of the crimes charged. Such evidence may instead relate to conditions existing both before and after the crime, as held in Phillips v. United States, 311 F.2d 204 (10th Cir.).

Appellant urges an additional point that the trial court was in error in not instructing on temporary insanity. We find no merit to this contention. The crimes charged took place over a considerable period of time, and in any event the rule set out in Wion v. United States, supra, is adequate to cover both prolonged or temporary insanity.

The case is therefore reversed and remanded for a new trial.