## UNITED STATES of America, Plaintiff,

v.

## Franklin Delano HORNE, Defendant.

### Crim. A. No. 6988.

United States District Court
E. D. Tennessee,
Northeastern Division.
Oct. 7, 1969.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Franklin Delano Horne, pro se; Ernest F. Smith, of counsel, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

After remand for a new trial for submission herein to a jury of the issue of the defendant's insanity under the revised instructions promulgated in United States v. Smith, C.A.6th (1968), 404 F.2d 720, the defendant was retried before a jury on June 9–10, 1969. The prosecution reoffered testimony of witnesses and other evidence which was sufficient to establish beyond a reasonable doubt that the defendant Mr. Horne committed

all the acts charged in the indictment herein and rested. Mr. Horne, who at his own insistence conducted[1] his own defense, then presented as an expert medical witness on the issue of the defendant's insanity at the time of the commission of the unlawful acts aforementioned, Dr. H. C. Dearman, a psychiatrist, and likewise rested. The prosecution again rested without offering any rebuttal evidence.

At the conclusion of all the evidence, two motions were interposed. The defendant moved for the entry of a judgment of acquittal, Rule 29(a), Federal Rules of Criminal Procedure, on the ground that the evidence is insufficient to sustain a conviction of the offense herein, because the prosecution had failed to offer any evidence from which the jury might find him sane beyond a reasonable doubt, after he had offered uncontradicted evidence that he was legally insane at the time of the commission of the acts charged in the indictment herein. The prosecution moved that it be granted a recess to afford time to take the deposition of another psychiatrist and to reopen its proof, so as to offer such deposition as rebuttal evidence.

The prosecution's motion was overruled. Although the prosecuting attorney had sought unsuccessfully the day preceding the commencement of the retrial to obtain an agreement with the defendant for the taking of the deposition of the second psychiatrist, this effort was late by some nine weeks, during all which time the testimony of the psychiatrist could have been obtained in due course. At the defendant's objection, the Court was of the opinion that the case should not be reopened for additional evidence under the circumstances.

The Court took under advisement the defendant's motion, and in reviewing the sufficiency of the evidence, concluded that the opinion expressed by Dr. Dearman on the retrial required a further examination as to Mr. Horne's (then) present competency to stand trial; continued Mr. Horne's motion for a judgment of acquittal under advisement; dispensed with the services of the jury for the time; and ordered Mr. Horne reexamined. 18 U.S.C. § 4244. See bench opinion herein of June 10, 1969. The report of the psychiatrist as a result of the second examination indicated a state of present sanity and mental competency of the accused. As the Court had found earlier, following a hearing after the initial examination of Mr. Horne by Dr. Dearman that the defendant was mentally competent to stand trial, no further hearing was conducted. Such finding must in no way prejudice the defendant in his plea of insanity as to the defense to the crime charged herein and could not be introduced in evidence on that issue or otherwise brought to the notice of the jury. 18 U.S.C. § 4244. Dr. Dearman had given as reasons for his opinion that the defendant was legally insane at the time he committed the acts charged in the indictment, *inter alia*, his conversations with Mr. Horne during his examinations, including statements made to him by the defendant. The prosecution requested a continuance at the resumption of the trial on October 7, 1969 to obtain the rebuttal testimony of a government psychiatrist, who had examined Mr. Horne after June 10, 1969 pursuant to 18 U.S.C. § 4244 and found him mentally competent. This government expert could not have given similar reasons for his opinion contradictory of that expressed by Dr. Dearman, because: " * * * No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted

---

1. Court-appointed counsel, who had represented Mr. Horne at the first trial and on appeal, on instructions of the Court, was available in the courtroom at all times for assistance of the defendant at any time he might request it.

in *evidence against*[2] *the accused* [emphasis supplied] on the issue of guilt in any criminal proceeding. * * *" *Idem.* Such motion, therefore, was denied.

Accordingly, the only expert opinion testimony before the jury at the conclusion of all the evidence was clearly to the effect that Mr. Horne was suffering from a mental illness on May 29, 1967, the time of the commission of the crime charged in this indictment, and that Mr. Horne's mental illness was such as to render him substantially incapable of conforming his conduct to the requirements of the law he is charged herein with violating.[3] See United States v. Smith, *supra,* 404 F.2d at 727 [6].

■■■ " * * * [E]very [person] is presumed to be sane, yet whenever, by the testimony, the question of insanity is raised, then the fact of sanity, as any other essential fact in the case, must be established to the satisfaction of the jury beyond a reasonable doubt. * * *" Davis v. United States II (1897), 165 U.S. 373, 378, 17 S.Ct. 360, 362, 41 L.Ed. 750, 754. The defense of insanity having been interposed, the burden was on Mr. Horne to overcome the presumption of sanity by evidence sufficient to create a reasonable doubt as to his mental capacity to commit the offense. Pollard v. United States, C.A. 6th (1960), 282 F.2d 450, 457 [7]. The evidence provided by Dr. Dearman's expert opinion testimony is sufficient to create a reasonable doubt, and the understandable foreboding of Mr. Horne is that the jury may be tempted, because of the heinousness of his aforementioned acts, to decide the issue on the basis of a moral judgment, as opposed to a judgment on the evidence of his insanity.

The only evidence presented by the prosecution on which an issue can be said to be created for the jury in this regard is the lay testimony of its witnesses Mr. Mullins and Mr. Yoho both of whom testified that they observed nothing in the conduct of Mr. Horne during their respective limited times of official dealings with him, which suggested to either of them that he was any different than the average person they have taken into custody and dealt with on a charge of having committed a crime.[4]

■ Reliance upon lay testimony to meet psychiatric evidence pertaining to mental illness is not to be encouraged, although lay testimony in this respect may under some circumstances serve to create an issue of fact for the jury as to a defendant's criminal responsibility. United States v. Smith, *supra,* 404 F.2d at 728. There is no contention concerning the incorrectness or inadequacy of the factual assumptions on which the expert opinion of Dr. Dearman was based, nor upon the reasoning by which he progressed from his material to his conclusion. There is no suggestion of interest or bias on the part of Dr. Dearman, nor inconsistencies or contradictions in his testimony as to material matters. Dr. Dearman, the only medical expert testifying, commended Mr. Horne for his cooperation in the two examinations of him by this psychiatrist. Thus, none of the usual reasons creating an issue of fact on this issue for the jury, Mims v. United States, C.A.5th (1967), 375 F.2d 135, 143 [11], cited in Blake v. United States, C.A.5th (1969), 407 F.2d 908, 911 [5]; Bishop v. United States, C.A.5th (1968), 394 F.2d 500, 501; Mason v. United States, C.A.8th, 402 F.2d 732, 737 [2–7], certiorari denied (1969), 394 U.S. 950, 89 S.Ct. 1288, 22 L.Ed.2d 484, are present.

---

2. The evidence received from Dr. Dearman, the defense witness, was not considered by the Court to be "against" the accused on the issue of guilt herein. Rather, it favored the defense of the accused.

3. The opinion of the pyschiatrist, through questions of the Court, was expressed in that precise language.

4. By like token, in considerable dealings with Mr. Horne, this trial judge could say that nothing untoward has been observed by him concerning Mr. Horne which would support a suspicion of insanity. On the contrary, the trial judge finds Mr. Horne remarkably able to be objective about himself.

**730**

There is less force to the testimony of Messrs. Yoho and Mullins to the effect that neither of them observed anything abnormal about Mr. Horne than there is to Dr. Dearman's clinically-based assertion of the defendant's insanity. " * * * An affirmative proposition is little supported by negative observations. * * * " Brock v. United States, C.A.5th (1967), 387 F.2d 254, 258, fn. 11. " * * * Although no precise standards for review have been enunciated, this [5th Circuit] court has said that some reason must be objectively present for ignoring expert opinion testimony which is sought to be rebutted only by the observations of laymen; otherwise, there is no issue for the jury. * * * " Ibid., 387 F.2d at 257 [3].

■ " * * * [T]he question of sufficiency of the evidence necessary to make an issue for the jury on the defense of insanity as well as whether the evidence establishes as a matter of law a reasonable doubt as to a defendant's sanity is for the court. * * * " Blake v. United States, supra, 407 F.2d at 911 [4]. This is an unwanted burden which the Court could escape by reserving decision on Mr. Horne's motion, submitting the case to the jury and deciding the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. Rule 29(b), Federal Rules of Criminal Procedure. However, the defendant is entitled clearly as a matter of law to a judgment of acquittal at this point in his retrial.

■ The undisputed medical evidence is that Mr. Horne was mentally sick on the date he committed the acts charged in this indictment, to the extent that he was substantially incapable of conforming his conduct to the statute proscribing kidnapping. Certainly, the defendant overcame the presumption of his sanity by evidence sufficient to create a reasonable doubt as to his mental capacity to commit the offense charged. Reasonable minds, considering only the evidence under proper instructions of the Court, could come to no other conclusion than

that Mr. Horne lacked the necessary intent to commit the offense charged. No reason appears to match the expert opinion against negative opinions by the two laymen. Thus, reasonable doubt of the defendant's sanity on May 29, 1967 is established as a matter of law, and there is no factual issue for the jury to decide.

The duty of the Court under these circumstances being so very clear, the Court will grant the defendant's motion for entry of a judgment of acquittal herein and will release him from custody. To do otherwise would be an abdication of a proper judicial function.