**UNITED STATES of America,
Plaintiff,**

**v.**

**Charles Maurice BELL, Defendant.**

**Crim. A. No. 7235.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 9, 1972.

John L. Bowers, U. S. Atty., W. Thomas Dillard, and Charles N. Stedman, Asst. U. S. Attys., for plaintiff.

John F. Dugger, Morristown, Tenn., for defendant.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

By agreed order of April 3, 1972 herein, the defendant was committed to the Medical Center for Federal Prisoners for the purpose of determining his mental competency to stand trial. As a result of the report of May 30, 1972, of the psychiatric staff at such institution to the Court, 18 U.S.C. § 4244, the Court found Mr. Bell competent to stand trial herein. Memorandum and order of July 7, 1972. The defendant has now moved the Court to be permitted to inspect the aforementioned report " * * * for the purpose of ascertaining information pertaining to [d]efendant's medical condition *at the time of the commission of the offense.*" Motion of August 7, 1972.

Such a request is improper. The purpose of such examination and report was to enable the Court to determine whether the " * * * report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused [as to be unable to understand the proceedings against him or properly to assist in his own defense] * * * " and to determine whether to " * * * hold a hearing * * * " to determine this issue. 18 U.S.C. § 4244. The Court found that the report did not so indicate.

Had a hearing been held, the report " * * * should be available to both prosecution and defense as a basis for examination of the psychiatrist

at the hearing. * * *" In re Harmon, C.A. 1st (1970), 425 F.2d 916, 918 [6]. However, " * * * [i]t seems to be clear that if the psychiatrist's report indicates, and the judge finds, that the accused is mentally competent to stand trial, there is no reason to furnish a copy of such report to anyone. The better practice would seem to be not to do so lest it might be brought to the notice of the jury in violation of the statute. * * *" United States v. Everett, D.C.Kan. (1956), 146 F.Supp. 54, 56 [2].

The examination of Mr. Bell herein was not ordered on the predicate of determining whether he was insane at the time of the commission of the offense charged. The question before this Court was, not whether the facts suggested that Mr. Bell's crime was an insane act, but whether they suggested he was incompetent to stand trial. Pate v. Robinson (1966), 383 U.S. 375, 389 (dissenting opinion of the late Mr. Justice Harlan), 86 S.Ct. 836, 15 L.Ed.2d 815, 824 [5]. Therefore, the application of Mr. Bell to review the report of the psychiatric staff supplied to the Court for the above purposes hereby is

Denied.