**UNITED STATES of America,
Appellee,**

v.

**Kenneth GREEN, Appellant (two cases).**

**Nos. 72–1044, 72–1045.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 15, 1972.

Decided Oct. 24, 1972.

Sidney Z. Lieberman, Springfield, Va. (Court-appointed counsel), for appellant.

Joseph A. Fisher, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before SOBELOFF, Senior Circuit Judge, WINTER, Circuit Judge, and THOMSEN, Senior District Judge.

SOBELOFF, Senior Circuit Judge:

Kenneth Green was indicted for escaping from Lorton Reformatory, a violation of D.C.Code Ann., Ch. 26, § 22–2601, and for kidnapping a man to drive his getaway car, a violation of 18 U.S.C. § 1201.

The court ruled that insufficient evidence of insanity was presented, and refused to permit defense counsel to raise an insanity defense before the jury. Defendant was found guilty of both charges by a jury in the District Court for the Eastern District of Virginia. On appeal the defendant argues that the court's ruling restricting the defense counsel's argument was reversible error. We disagree and affirm the conviction.

I

Defendant was arraigned on August 3, 1971, in the presence of his court-appointed counsel. He pleaded not guilty and trial was set for October 25, 1971. Pursuant to a government motion made

under 18 U.S.C. § 4244,[1] defendant was examined on September 20 and October 4 by Dr. George D. Weickhardt, a court-appointed psychiatrist, to determine his competency to stand trial. The doctor had examined the defendant twice previously, in 1966 and 1967, for sixty-day periods at St. Elizabeth's Hospital.

On October 8, 1971, the trial court held a hearing and determined, based upon the doctor's testimony, that the defendant was competent to stand trial. At no time between the August 3 arraignment and the day of trial in October did defense counsel move to have defendant examined to determine whether he was sane when the crimes were committed. However, on the morning of trial he did move, pursuant to 18 U.S.C. § 3006A(e),[2] that defendant be exam-

1. § 4244. Mental incompetency after arrest and before trial

Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury.

2. (e) Services other than counsel.—

(1) Upon request.—Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

(2) Without prior request.—Counsel appointed under this section may obtain, subject to later review, investigative, expert, or other services without prior authorization if necessary for an adequate defense. The total cost of services obtained without prior authorization may not exceed $150 and expenses reasonably incurred.

(3) Maximum amounts.—Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $300, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit.

ined to determine his sanity at the time of the crimes. The trial court denied the motion.

At trial the doctor testified that although the defendant had "paranoid ideas" and that while he could not offer assurance that the defendant was free of all mental disorders, he thought the defendant " * * * was mentally well enough to understand the charges he was facing and to assist in his defense." No testimony was presented concerning the defendant's mental state at the time of the crimes.

In his summation to the jury, defense counsel attempted to use the testimony of the doctor concerning competency to stand trial as evidence that the defendant was insane at the time the crimes were committed. The court refused to allow the jury to consider the insanity defense.

## II

 Insanity may be argued as a defense only if evidence supporting the assertion has been presented. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). That evidence need be only slight. Hall v. United States, 295 F.2d 26 (4th Cir. 1961); see also United States v. Currier, 405 F.2d 1039 (2d Cir. 1969); cert. denied, 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 228 (1969). However, the defendant in the instant case failed to produce even that slight measure of evidence of insanity. Doctor Weickhardt's testimony concerned only the defendant's competence to stand trial. The defendant was never examined to determine his mental condition at the time of the crimes. Defense

counsel made no attempt to ascertain that condition until the morning of trial. When no testimony concerning insanity has been presented, the insanity defense cannot be advanced initially in final argument. See United States v. Spenard, 438 F.2d 717 (2d Cir. 1971).

The defendant cites United States v. Taylor, 437 F.2d 371 (4th Cir. 1971), where denial of a motion pursuant to § 3006A(e) for independent psychiatric examination and a ten-minute interview with a court-appointed psychiatrist to determine competency to stand trial were held inadequate to meet the standard to sustain a conviction. But Taylor is inapposite. Defense counsel in Taylor wanted his client examined to determine his sanity at the time of the crime, but improperly moved for the examination under § 4244, the section regulating examinations to determine competency to stand trial. This motion was made well in advance of the trial date. We held in Taylor that the examination should have been made under § 3006A(e) and that the trial court should have granted the attorney's subsequent motion made under that section.

Green did not move for the § 3006A(e) examination, or in any way indicate until the very day of trial his intention to rely upon insanity as a defense to the crimes. Nor was evidence presented at the trial to show that the defendant was insane when the crimes were committed. In these circumstances the trial judge was eminently correct in declining to permit counsel to argue an insanity defense before the jury.[3]

Affirmed.

3. Whether the insanity issue has been raised is a question for the trial court to decide. Davis v. United States, 364 F.2d 572 (10th Cir. 1966); Otney v. United States, 340 F.2d 696 (10th Cir. 1965); Fitts v. United States, 284 F.2d 108 (10th Cir. 1960). See also Hall v. United States, supra at 28.