**UNITED STATES of America, Plaintiff,**

v.

**Royal Edward DANNON, Defendant.**

**Crim. No. 78–00184–D.**

United States District Court,
W. D. Oklahoma.

Feb. 5, 1979.

Larry D. Patton, U. S. Atty. by S. Paul Richards, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

John R. Cain, Oklahoma City, Okl., for defendant.

Royal Edward Dannon, pro se.

### ORDER

DAUGHERTY, Chief Judge.

By an indictment filed on October 4, 1978, Defendant Royal Edward Dannon is charged herein with escape from the Federal Correctional Institution at El Reno, Oklahoma, in violation of 18 U.S.C. § 751(a). Pursuant to his oral motion at arraignment, Dannon is being permitted to represent himself in this case, with an attorney having been appointed by the Court to assist him in an advisory capacity.

Following the arraignment, Dannon's advisor-attorney filed a Motion to Request Psychiatric/Psychological Examination of Defendant. It was asserted that said Motion was submitted so that Dannon could raise in this case the defense of temporary insanity. It was further indicated that the defense intended to notify the Government of such an intention and filed a copy of the notice with the Court, in accordance with Rule 12.2, Federal Rules of Criminal Procedure.[1]

Pursuant to 18 U.S.C. § 4244, the Court, through Judge Ralph G. Thompson, on October 19, 1978, directed that Dannon was to be examined by a local psychiatrist to determine his competency to stand trial and his criminal responsibility for the criminal act he is charged with in this case. Subsequently, on motion of the Government the Court on November 1, 1978 committed Dannon to the Medical Center for Federal Prisoners at Springfield, Missouri for a 90-day period for psychiatric evaluation and ordered that Dannon was to be examined by the psychiatric staff at that institution both for his competency to stand trial and his sanity as of the time of the alleged offense. The reports of these psychiatric examina-

---

1. Although there is nothing in the record to indicate that the Government has been specifically notified in writing of Dannon's intention to rely upon the defense of insanity, as is required by Rule 12.2, it would appear that Dannon has given sufficient notice to the Government so as to be entitled to raise an insanity defense. *See generally*, Notes of the Advisory Committee on Rules, 62 F.R.D. 271, 296 (1974).

tions and evaluations have been submitted to the Court.[2]

Now before the Court are two Petitions for Court Order filed by Dannon. The Government has filed a response and supporting brief to Dannon's first Petition and Dannon has filed a response (reply) and further reply to the Government's response. The Court has not called for a response from the Government to the second Petition filed by Dannon.

Although Dannon has not filed his Petitions in compliance with Local Court Rule 13(e) of this judicial district, as they were not filed within 10 days of Dannon's arraignment and are not accompanied by a brief, under the circumstances involved in this case the Court in its discretion will rule on the Petitions.

## PETITION FOR COURT ORDER FILED ON JANUARY 3, 1979

■ Pursuant to Rule 16, Federal Rules of Criminal Procedure, Dannon requests the Court to order the Federal Bureau of Prisons to allow him to inspect and copy all matters in his "central file" at the Medical Center for Federal Prisoners at Springfield, Missouri. He specifically seeks discovery of a psychiatric report on him prepared by a "Dr. Collier" in December, 1977 relating to the charge for which Dannon was convicted and incarcerated at the time of the alleged escape giving rise to the charge in this case. Dannon asserts that that report and the other records and reports in his central file at the Federal Medical Center are relevant and necessary to his defense in this case.

In its response to the Petition, the Government contends that Dannon's request should be denied as it is untimely and seeks matter that is not material to his defense to the charge in this case. It maintains that the request is unreasonable and would create an undue burden on the Government to furnish Dannon with all the requested information, and that the request fails to satisfy the requirements of Rule 16, Federal Rules of Criminal Procedure, for the discovery of the items sought.

In his reply to the Government's response, Dannon contends that the information he seeks is relevant to his defense in this case as the reports and examinations involved purport to show his mental state during the months leading up to the alleged offense, and as the information in this central file will correspond to Dr. Prosser's report on his mental state.

18 U.S.C. § 4244 governs the psychiatric examination and evaluation of federal criminal defendants. That statute provides that on the motion of the United States Attorney, the defendant or the court *sua sponte*, the court "[should] cause the accused . . . to be examined . . . by at least one qualified psychiatrist, who shall report to the court." The purpose of a psychiatric examination under § 4244 is to determine whether a defendant is competent to stand trial. *E. g., United States v. Chaussee*, 536 F.2d 637, 642 (Seventh Cir. 1976); *Manning v. United States*, 371 F.2d 811, 813 (Tenth Cir. 1967), *cert. denied*, 387 U.S. 924, 87 S.Ct. 2041, 18 L.Ed.2d 980 (1967); *Hereden*

2. In a letter to Judge Thompson dated November 17, 1978, the local psychiatrist, Dr. Moorman P. Prosser, stated:

It is my opinion, therefore, that this man is not presently sane or competent, nor is he able to normally understand the proceedings against him, or to properly assist in his own defense. It is further my opinion that this man's mental and moral faculties were, on or about September 6th, 1978, and continuously thereafter to the present, in such a state that he is incapable of distinguishing between right and wrong, is not normally conscious of the nature of his acts, and that his will, by which is meant the governing power of his mind, has been involuntarily so completely destroyed that his acts were not subject to it or under his control.

It is further my opinion that he does not have sufficient present ability to consult with his attorney prior to trial with a reasonable degree of rational understanding, and that he does not have a rational or factual understanding of the proceedings against him.

In its report dated January 8, 1979, the psychiatric staff at the Federal Medical Center concluded that Dannon is currently competent to stand trial and that he had no mental condition that would have rendered him unconscious of the nature of his acts and that he was considered to have been responsible for the alleged offense involved in this case.

*v. United States*, 286 F.2d 526 (Tenth Cir. 1961).

There is no provision in § 4244 requiring the court to make the examination results available to a defendant unless the report indicates a present state of insanity or mental incompetency. In such event a hearing is held on the issue at which evidence may be submitted including that of the reporting psychiatrist. The First Circuit has suggested that where a hearing is required and reporting psychiatrist testifies therein, his report should be available to both the prosecution and the defense as a basis for their direct and cross examination of him. *In re Harmon*, 425 F.2d 916, 918 (First Cir. 1970). *Also see United States v. Bell*, 57 F.R.D. 31 (E.D.Tenn.1972).

Where the psychiatrist's report does not indicate a present state of insanity or incapacity and thus no hearing is required, the decision whether to disclose the psychiatrist report to the parties rests within the trial court's discretion. *United States v. Winn*, 577 F.2d 86, 92 (Ninth Cir. 1978). *See United States v. Chaussee, supra*, 536 F.2d at 641–42; *United States v. Bell, supra*, 57 F.R.D. at 32; *United States v. Everett*, 146 F.Supp. 54, 56 (D.Kan.1956).

In the instant case the Court has been presented with psychiatric reports on Dannon which differ with regard to their conclusions as to his competency to stand trial. Upon examination of these reports the Court has concluded that it is necessary for it to conduct a competency hearing on Dannon prior to the trial pursuant to 18 U.S.C. § 4244. Such a hearing is set on February 8, 1979 at 2:00 P.M. before the undersigned.

The Court concludes that Dannon's first Petition should be granted and that he is entitled to disclosure of all reports on him contained in his central file at the Federal Medical Center including the report submitted on his examination conducted pursuant to the Order of the Court recently issued in this case.[3]

While the Federal Rules of Criminal Procedure do not expressly regulate the disclosure of such matter to a defendant or his counsel, there is a helpful analogy in Rule 32(c)(3), Federal Rules of Criminal Procedure, governing disclosure of presentence reports. That rule requires disclosure only upon request of the defendant or his counsel, and recognizes the discretion of the court to withhold information that might result in harm to the defendant or other persons. *See United States v. Winn, supra*, 577 F.2d at 92.

The Government objects to the requested discovery in this case on the grounds that it is untimely, unreasonable, not in compliance with the Federal Rules of Criminal Procedure, and not material to Dannon's defense. The Court finds these objections to be without merit.

Although Dannon's Petition was not filed strictly in compliance with the Local Court Rules, the Court has already indicated in this Order that it is in the interest of justice for it to consider and rule on Danon's request.

The Government's bare assertion that Dannon's request for disclosure of his central file at the Federal Medical Center is unreasonable is insufficient. The determination by the Court of the reasonableness of a discovery request requires balancing the interests favoring and opposing discovery. *United States v. Liebert*, 519 F.2d 542, 548 (Third Cir. 1975), *cert. denied*, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 301 (1975). The interest favoring the discovery request in this case is, as will be later discussed, the possible usefulness of the requested matter to Dannon's preparation of his defense. Opposing the request is the Government's unsupported assertion that the request is unreasonable. The Government does not contend that the information in the file will be of any harm to Dannon or anyone else. In view of the Government's failure to show the Court how Dannon's request is unreasonable, the Court concludes that the possible usefulness of the requested matter

---

**3.** If Defendant does not have a copy of the report of Dr. Prosser referred to in Note 2, supra, he is also entitled to have a copy of the same.

in the preparation of Dannon's defense to the charge in this case outweighs the speculative possibility that the request will be burdensome upon the Government.

Whenever insanity is asserted as a defense and is supported by credible evidence, "it is of critical importance that the defendant's entire relevant symptomatology be brought before the jury." *Gordon v. United States*, 438 F.2d 858, 883 (Fifth Cir. 1971), *cert. denied* 404 U.S. 828, 92 S.Ct. 63, 30 L.Ed.2d 56 (1971). When insanity is in issue, any and all conduct of the person is admissible in evidence. *United States v. Brawner*, 153 U.S.App.D.C. 1, 8, 471 F.2d 969, 976 (D.C.Cir. 1972). This refers to evidence of mental difficulties either before or after or on the date of the offense. *E. g., Davis v. United States*, 364 F.2d 572, 574 (Tenth Cir. 1966); 29 Am.Jur.2d *Evidence* § 353, at 402 (1967); 22A C.J.S. *Criminal Law* § 620, at 440 (1961); II Wigmore, *Evidence* § 233 (3d ed. 1940). *See United States v. Matos*, 409 F.2d 1245 (Second Cir. 1975), *cert. denied*, 397 U.S. 927, 90 S.Ct. 934, 25 L.Ed.2d 107 (1970), where evidence of a psychiatric examination of the defendant before the crime was admitted on the issue of the defendant's insanity at the time of the crime. In the instant case, although the admissibility of any reports in Dannon's file at the Federal Medical Center in the trial of this case will be decided by the trial court, this Court is unable at this time to fairly conclude that such information would not be material to Dannon's defense.

In view of the foregoing, the Court concludes that Dannon's request for disclosure of the reports in his central file at the Federal Medical Center should be granted. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), where the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment.

Accordingly, Dannon's first Petition for Court Order filed herein on January 3, 1979 is granted.

## PETITION FOR COURT ORDER FILED JANUARY 12, 1979

In this Petition, Dannon requests that the Court extend his stay at the Federal Medical Center for an additional 60 or 90 days, and that the Court order that the report on him from the psychiatric staff at the Federal Medical Center is to include a "complete evaluation appraisal as well as a 'competency, incompetency' report." Dannon contends that he has not been examined sufficiently at the Federal Medical Center with regard to the determination of his criminal responsibility for the offense charged in this case.

This Petition is denied. An examination of the report of the psychiatric examination and evaluation on Dannon submitted to the Court by the Federal Medical Center discloses that the staff at that institution has complied with the Court's Order of November 1, 1978. Moreover, the Federal Medical Center has requested that the Court return Dannon to this Court.

Accordingly, the 7th day of February, 1979 at 10:00 A.M. at the offices of the United States Attorney, United States Court House, Oklahoma City, Oklahoma, are designated as the time and place for the Government to furnish the Defendant or his advisor-attorney the items it is to furnish him pursuant to this Order.