# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY SESSION, 1996



**FILED**

**March 25, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | C.C.A. NO. 02C01-9506-CR-00157 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. BERNIE WEINMAN** |
| **DARREN SMITH,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Direct Appeal - Reckless** |
| | ) | **Endangerment and Attempted** |
| | ) | **Second Degree Murder)** |


FOR THE APPELLANT:                    FOR THE APPELLEE:

JOHN KNOX WALKUP                      DANIEL A. SEWARD
Attorney General and Reporter        Attorney for Appellee
                                     P. O. Box 11207
EUGENE J. HONEA                      Memphis, TN  38111-0207
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

WILLIAM L. GIBBONS
District Attorney General

REGINALD R. HENDERSON
KAREN COOK
Assistant District Attorney
201 Poplar Avenue
Memphis, TN  38104


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

In this case the defendant, Darren Smith, was convicted by a Shelby County jury of two (2) counts of attempted second degree murder and four (4) counts of reckless endangerment. The trial court sentenced him to concurrent sentences of ten (10) years for each count of attempted murder and one (1) year for each reckless endangerment conviction. Following sentencing, the defendant filed a motion for judgment of acquittal or in the alternative a new trial. The motion alleged *inter alia* that the state failed to prove that the defendant was legally sane at the time of the commission of the offenses. The trial court agreed and entered a judgment of not guilty by reason of insanity on all charges. It is from this judgment that the state appeals. After a careful review of the record in this case, we affirm the judgment of the trial court.

## I.

The defendant and Laura Moss were both police officers with the City of Memphis. The couple became involved in a romantic relationship which ended sometime in April, 1993. Apparently the defendant was angry over the break-up, and the relationship between him and Moss became acrimonious. The couple filed formal complaints against each other, and the defendant made several threatening phone calls to Moss' residence. On at least one occasion the defendant came to Moss' residence uninvited, despite repeated instructions to stay away from her. This led to a physical altercation between the defendant and Michael Hill, himself a police officer and Moss' romantic interest at the time.

On June 4, 1993, the defendant came to Moss' home to discuss a credit card statement with her. Moss did not have time to discuss the matter, but the defendant persisted in telephoning her all day. Sometime between 8:00 p.m. and 9:00 p.m., the defendant called Moss and told her that he was coming over to her house. Despite being told not to come, the defendant nevertheless had a friend take him to Moss' house. When Moss called the police, the defendant left on foot.

Later that night, Moss and Hill were in her bedroom watching television. Her three (3) daughters and a niece were playing in another bedroom. Suddenly, a shotgun blast came through the window of the room where Moss and Hill were located. The children began to scream and ran into the hallway. A second blast came through the kitchen window, a third shot was fired through the dining room window and a final blast splintered the front door. After the last shot, Moss and Hill were able to see the defendant run from the house and drive away. Police later recovered the shotgun from the defendant's parent's residence. The defendant confessed to the shooting when confronted by the police.

At trial, Dr. Robert Freeman, a psychiatrist who treated the defendant for depression, testified that a serious head injury caused the defendant to have problems with social interaction. Dr. Freeman opined that defendant was suffering from "temporary insanity" at the time of the offense. The doctor testified that there was a "possibility" that the defendant lacked "substantial capacity to appreciate the wrongfulness of his actions."

On cross-examination, the prosecution questioned Dr. Freeman regarding an incident prior to defendant's head injury where he punched out a window in Moss' residence and let himself in. Although the doctor testified that the head injury was a "large factor" in defendant's "temporary insanity," he stated that

-3-

knowledge of the prior incident actually "strengthen[ed]" his diagnosis that defendant was suffering from post-traumatic stress disorder.

In rebuttal, the state introduced the defendant's statement to law enforcement authorities concerning the prior incident where he punched through the window at Moss' residence. Defendant was suspended for two (2) days from his police duties as a result of this incident.

At the conclusion of the proof, the jury found defendant guilty of two (2) counts of attempted second degree murder and four (4) counts of reckless endangerment.

Subsequently, the defendant filed a motion for judgment of acquittal or in the alternative a new trial, alleging that the state failed to carry its burden on the issue of defendant's sanity at the time of the commission of the offenses. The trial court found that the defendant presented sufficient proof to rebut the presumption of sanity, and the state presented no reliable proof in support of defendant's sanity. Therefore, the trial court set aside the jury's verdicts and entered a judgment of not guilty by reason of insanity. From the trial court's judgment, the state brings this appeal as of right pursuant to Tenn. R. App. P. 3(c).

II.

In pertinent part, Tenn. R. Crim. P. 29(a) provides, "[t]he court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information . . . if the evidence is insufficient to sustain a conviction of such offense or offenses."

A motion for judgment of acquittal raises a question of law for the trial court to determine. State v. Adams, 916 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In making this determination, the trial court is concerned with the legal sufficiency of the evidence, not the weight of the evidence. State v. Adams, 916 S.W.2d at 473; State v. Hall, 656 S.W.2d 60, 61 (Tenn. Crim. App. 1983). The trial court must "look only at all of the evidence introduced by the State . . . take the strongest legitimate view of it in favor of the State, and . . . allow all reasonable inferences from it in the State's favor." State v. Hall, 656 S.W.2d at 61. This Court must apply the same standard when resolving issues concerning the grant or denial of a judgment of acquittal. State v. Adams, 916 S.W.2d at 473.

## III.

Insanity at the time that an offense is committed is an absolute defense to a crime. The standard for proving a plea of insanity was established in Graham v. State, 547 S.W.2d 531 (Tenn. 1977), and was subsequently codified at Tenn. Code Ann. § 39-11-501(a) (1991), which provides:

> Insanity is a defense to prosecution if, at the time of such conduct, as a result of mental disease or defect, the person lacked substantial capacity either to appreciate the wrongfulness of the person's conduct or to conform that conduct to the requirements of the law.

A defendant is presumed sane; therefore, at the time of the instant offenses, it was the defendant who initially had to present evidence of his or her insanity. Spurlock v. State, 368 S.W.2d 299, 300 (Tenn. 1963). Once evidence had been presented which raised a reasonable doubt as to the defendant's sanity, the burden of proof shifted to the state to establish the defendant's sanity beyond a reasonable doubt. State v. Sparks, 891 S.W.2d 607, 615 (Tenn. 1995).

"Sanity thus becomes an element of the crime."  State v. Clayton, 656 S.W.2d 344, 346 (Tenn. 1983).  To meet its burden, the state had establish:

> (1) the defendant was not "suffering from a mental illness at the time of the commission of the crime," or
>
> (2) the illness proved did not "prevent his knowing the wrongfulness of his act" and  did not "render him substantially incapable of conforming his conduct to the requirements of the law he is charged with violating."

State v. Jackson, 890 S.W.2d 436, 440 (Tenn. 1994) (quoting State v. Clayton, 656 S.W.2d at 351).[1]

> The state could meet its burden of proving sanity
>
> through the introduction of expert testimony on the issue, or through lay testimony where a proper foundation for the expressing of an opinion is laid, or through the showing of acts or statements of the petitioner, at or very near the time of the commission of the crime, which are consistent with sanity and inconsistent with insanity.

State v. Sparks, 891 S.W.2d at 461 (quoting Edwards v. State, 540 S.W.2d 641, 646 (Tenn. 1976)); State v. Jackson, 890 S.W.2d at 440.


## IV.


Entry of a judgment of acquittal by reason of insanity is the appropriate remedy where the burden of proof on the element of sanity has shifted to the state, and the state fails to carry it.  Many jurisdictions, both federal and state, adhere to the view that it is the trial court's duty to determine, as a matter of law, whether a defendant has presented sufficient evidence to put his sanity in question.  *See* United States v. Davis, 772 F.2d 1339, 1343 (7th Cir. 1985); United States v. McCracken, 488 F.2d 406, 409 (5th Cir. 1974); United States v.

---

[1] Effective July 1, 1995, the legislature amended the insanity statute, making insanity an affirmative defense whereby the defendant has the burden of establishing his or her insanity by clear and convincing evidence.  Tenn. Code Ann. § 39-11-501(a) (Supp. 1995).

Green, 468 F.2d 116, 118 n. 3 (4th Cir. 1972); Davis v. United States, 364 F.2d 572, 574 (10th Cir. 1966); Otney v. United States, 340 F.2d 696, 698 (10th Cir. 1965); Fitts v. United States, 284 F.2d 108, 112 (10th Cir. 1960); United States v. Horne, 304 F.Supp. 727, 730 (E.D. Tenn. 1969); People v. Hill, 934 P.2d 821, 826 (Colo. 1997); Commonwealth v. Sirbaugh, 500 A.2d 453, 460 (Pa. Super. Ct. 1985); State v. Day, 560 P.2d 945, 947 (N.M. Ct. App. 1977); People v. Johnson, 503 P.2d 1019, 1020 (Colo. 1972); McCracken v. State, 237 A.2d 87, 88-89 (Md. Ct. Spec. App. 1968). Although Tennessee case law is silent on this point, this Court agrees that the trial court should determine whether the defendant has presented sufficient evidence to shift the burden of proof to the state on the element of sanity. Furthermore, this Court will not overturn a trial court's determination in this regard absent a finding of an abuse of discretion.

Notwithstanding the jury's verdicts of guilt and implicit rejection of the insanity defense, the trial court found that the defendant in the present case had produced sufficient evidence to rebut the presumption of sanity. The trial court did not abuse its discretion in making this determination. As a result, the state had the burden to prove the defendant's sanity beyond a reasonable doubt. State v. Sparks, 891 S.W.2d at 615; State v. Clayton, 656 S.W.2d at 346.

Even though the defendant notified the state of his intention to present an insanity defense approximately five (5) months prior to trial, the state failed to present any expert testimony on the issue of defendant's sanity at trial. Instead, the state relied upon lay testimony concerning acts or statements of the defendant prior to and after the commission of the offenses. The victim testified that defendant threatened her and Officer Hill on several prior occasions. The state presented the defendant's statement concerning the prior incident where he punched through a window at Moss' residence. Furthermore, although the

defendant testified that he could not remember committing the offenses, Officer Harvey Edingbough stated that the defendant admitted shooting into Moss' home shortly after the incident. However, while this testimony might be construed as being consistent with sanity, such testimony was not necessarily inconsistent with insanity. *See* State v. Sparks, 891 S.W.2d at 461; State v. Jackson, 890 S.W.2d at 440. Therefore, the state's evidence was insufficient to establish defendant's sanity beyond a reasonable doubt.

In this case we offer no opinion as to the defendant's actual mental state at the time of the offense. We are simply saying that under the applicable law at the time of the offense the defendant offered sufficient evidence in insanity for the trial judge to properly conclude that the burden of proof on this issue had shifted to the stated. However, the state made little effort to prove defendant's sanity beyond a reasonable doubt. Because the state failed to carry its burden on this issue, the trial court properly granted the defendant's motion for judgment of acquittal. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE


_____
LYNN W. BROWN, SPECIAL JUDGE