**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jeffrey Robert ORDONES, Defendant-Appellant.**

**No. 72–1933.**

United States Court of Appeals, Ninth Circuit.

Oct. 30, 1972.

Mansfield A. Mills, El Cajon, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Douglas G. Hendricks, Stephen G. Nelson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before BARNES and DUNIWAY, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Appellant was charged in the Court below in two counts with importing from Mexico to the United States 12 kilo bricks (26 pounds) of marijuana on August 4, 1971, and possession of said marijuana on the said date in the United States. There was a jury verdict of guilty on each count.

Appellant claims two errors. First, that the evidence was insufficient to convict, and second, that the representation defendant received from his appointed counsel was so inadequate as to prevent him from receiving a fair trial. We find no error in either of appellant's claims, and we affirm.

■ Appellant first asserts the evidence was circumstantial. Much of it was, but his statement is not wholly true. Certainly the hidden 12 kilos of marijuana found in his automobile were not circumstantial evidence. But, more important, there is no intrinsic defect in circumstantial evidence if it is substantial enough to convict. Simply because defendant claimed he had no knowledge of the large amount of contraband in his vehicle is no reason the jury was required to believe his story, particularly in view of the circumstances of this case.

■ Defendant further suggests that "To sustain a conviction on circumstantial evidence the facts must be such as to exclude every reasonable hypothesis except that of guilt," citing Cuthbert v. United States, 278 F.2d 220 (5th Cir. 1960); Epstein v. United States, 174 F. 2d 754 (6th Cir. 1949). *See also:* Whaley v. United States, 362 F.2d 938, 939 (9th Cir. 1966). That rule of law is no longer followed in this circuit. *See:* Sablan v. People of Territory of Guam, 434 F.2d 837, 839 (9th Cir. 1970). The proper test is "whether the jurors could reasonably arrive at [their] conclusion." United States v. Nelson, 419 F.2d 1237–1243 (9th Cir. 1969); *Accord:* Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *See also:* United States v. Rojas, 458 F.2d 1355 (9th Cir. 1972).

■ Whether defendant fled or not was also a matter for the trier of fact to determine. There was testimony he departed from the primary inspection area at a rate of speed considerably faster than that at which he was previously traveling; that he failed to proceed to a secondary inspection area as directed; and that he failed to heed a siren which could be heard ½ mile away. He turned his vehicle off the main freeway road, and was pursued and stopped traveling 45 to 50 miles per hour on this side road with its 35 miles per hour speed limit. These facts, from which a conclusion of flight *could* be drawn, were properly presented to the jury for their determination.

■ As to appellant's second point, we have read the complete Reporter's Transcript and find no evidence that the defendant's defense was inadequate, or

* The Honorable William J. Jameson, United States District Judge, of Montana, Billings Division, sitting by designation.

that his trial was "a sham or a farce." The matters he raises as errors were matters of trial strategy. Nelson v. California, 346 F.2d 73 (9th Cir. 1965), cert. denied 382 U.S. 964, 86 S.Ct. 452, 15 L.Ed.2d 367 (1965).

Affirmed.