**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Timothy B. PROHART, Defendant-
Appellant.**

**No. 72–1313.**

United States Court of Appeals,
Ninth Circuit.

Nov. 10, 1972.

Rehearing Denied Jan. 12, 1973.

Robert J. Hirsh (argued), Tucson, Ariz., for defendant-appellant.

James Mueller, Asst. U. S. Atty. (argued), William K. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before MERRILL and KOELSCH, Circuit Judges, and PLUMMER,* District Judge.

PER CURIAM:

Appellant (Prohart) appeals from a judgment of conviction after a jury trial for the offense of knowingly and intentionally possessing with intent to distribute marihuana, a Schedule I controlled substance, in violation of Section 841(a)(1) of Title 21, United States Code.

---

* Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

Prohart presents six issues for review on appeal. All have been duly considered. We find that only one, the sufficiency of the evidence, merits discussion.

Prohart contends that the trial court erred in denying his motion for judgment of acquittal on the ground that there was insufficient evidence as to his actual or constructive possession of the marihuana in question.

In support of this contention Prohart relies on cases which attempt to establish a standard or test for cases involving circumstantial evidence to the effect that circumstantial evidence must be adequately sufficient to enable a reasonable determination that it excludes every hypothesis except that of guilt. This is not the standard or test applied in this circuit.

So far as the jury's fact-finding function is concerned, all that is to be required of the jury is that it weigh all of the evidence, direct or circumstantial against the standard of reasonable doubt. The proper test is not whether the evidence excludes every hypothesis except that of guilt but, rather, whether the jurors could reasonably arrive at their conclusion. United States v. Salcedo, 452 F.2d 1201 (9th Cir. 1971); Sablan v. People of Territory of Guam, 434 F.2d 837 (9th Cir. 1970); United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969). Accord, Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

We have considered the evidence in its entirety. From our review of all the evidence we find a chain of circumstances establishing adequate relevant evidence from which, if considered most favorably to the government, the jury could rationally conclude or infer beyond a reasonable doubt that Prohart was guilty as charged.

We find the remaining issues presented for review by Prohart to be without merit. Rule 52(a), Federal Rules of Criminal Procedure.

Judgment affirmed.