**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Burdette George WINN,
Defendant-Appellant.**

**No. 77–1934.**

United States Court of Appeals,
Ninth Circuit.

June 19, 1978.

M. J. Collins (argued), Newport Beach, Cal., for defendant-appellant.

John P. Newman, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CHOY and WALLACE, Circuit Judges, and TURRENTINE,* District Judge.

CHOY, Circuit Judge.

Winn appeals his conviction for making a false statement in his application for a passport in violation of 18 U.S.C. § 1542. We affirm.

## I. *Facts and Proceedings Below*

Appellant applied for a passport at a post office branch in the name of Floyd Porter Bailey. The postal clerk observed that he left twice in order to secure the required photographs and fee, and that he crossed out the social security number he had entered on the application when he discovered it was not required. After the clerk administered the oath of truthfulness, she attached a note to the application describing appellant's suspicious behavior. Appellant's fingerprint on the application matched the

---

* The Honorable Howard B. Turrentine, United States District Judge for the Southern District of California, sitting by designation.

fingerprint on a California driver's license issued to Floyd Porter Bailey, and Floyd Porter Bailey was in fact the name of a deceased person. The signatures on the driver's license, the passport application, and the photographs attached to the application were all written by appellant.

After his indictment, the court appointed counsel for appellant and a psychiatrist to examine him. He was found competent at a later hearing, and substitution of counsel was approved. The jury found appellant guilty as charged. He was given a suspended sentence and placed on probation for five years. As conditions of probation, appellant was not to drink any alcoholic beverages and was to continue with psychiatric treatment for his drinking problem.

## II. *Insanity Instruction*

██ Appellant contends that the trial court erred in refusing to instruct the jury on insanity. One basis for the court's decision was that the insanity issue had not been appropriately raised. Fed.R.Crim.P. 12.2(a) provides as follows:

> *Defense of Insanity.* If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, he shall, within the time provided for the filing of pretrial motions or at such later time as the court may direct, notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk. If there is a failure to comply with the requirements of this subdivision, insanity may not be raised as a defense. The court may for cause shown allow late filing of the notice or grant additional time to the parties to prepare for trial or make such other order as may be appropriate.

It is not disputed that appellant did not comply with rule 12.2 and that he offered no explanation of cause for failure to do so. Nor did appellant request a continuance or permission to file a late notice, although the matter was brought to his attention by the court and the Government, and he had almost four months in which to do so. Accordingly, we conclude that the trial court properly refused to instruct the jury on the defense of insanity.

Moreover, where a Federal Rule of Criminal Procedure indicates that noncompliance with its provisions will constitute a waiver of future objections based on the subject matter of the rule, no relief from waiver is available on review absent a showing of cause and prejudice. *See Davis v. United States,* 411 U.S. 233, 242–45, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). Rule 12.2 clearly implies that a defendant who fails to comply with its provisions waives his right to raise an insanity defense. In this case, no showing of cause for noncompliance was even attempted.

██ Appellant argues that his procedural noncompliance should not waive his substantive right to insanity instructions at trial. The Advisory Committee notes to rule 12.2 make it clear, however, that the purpose of the rule is substantive, not formalistic. It is to give the Government time to prepare to meet a defendant's insanity defense. Once insanity is raised as a defense, the Government must bear the burden of proving sanity beyond a reasonable doubt. *Hartford v. United States,* 362 F.2d 63, 64 (9th Cir.), *cert. denied,* 385 U.S. 883, 87 S.Ct. 174, 17 L.Ed.2d 110 (1966); *see United States v. Hearst,* 563 F.2d 1331, 1336 & n. 2 (9th Cir. 1977). In view of the significance of this burden, justice requires prior notice to the Government of an insanity defense. Rule 12.2 is designed to insure that both the defendant and the Government have ample opportunity to investigate the facts of an issue critical to the determination of guilt or innocence. *Cf. Williams v. Florida,* 399 U.S. 78, 82, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1969).

## III. *Mental Defect Instruction*

██ Appellant argues that he was entitled to an instruction that evidence of a defendant's mental state, even if insufficient to establish insanity, should be considered in determining whether there was the requisite specific intent to commit the crime charged. His first proffered instruction, the usual insanity instruction, was in-

appropriate for this purpose; but the second proposed instruction, while inartfully drawn, in substance stated this proposition.[1] A defendant is entitled to an instruction concerning his theory of the case if it is supported by law and has some foundation in the evidence. *United States v. Hall,* 552 F.2d 273, 275 (9th Cir. 1977); *United States v. Noah,* 475 F.2d 688, 697 (9th Cir.), *cert. denied,* 414 U.S. 821, 94 S.Ct. 119, 38 L.Ed.2d 54 (1973); *Perkins v. United States,* 315 F.2d 120, 124 (9th Cir.), *cert. denied,* 375 U.S. 916, 84 S.Ct. 201, 11 L.Ed.2d 155 (1963); *Baker v. United States,* 310 F.2d 924, 930 (9th Cir. 1962), *cert. denied,* 372 U.S. 954, 83 S.Ct. 952, 9 L.Ed.2d 978 (1963). If appellant presented sufficient evidence to go to the jury on this point, he was entitled to an instruction relating to this defense, which was not technically a "defense of insanity" and hence fell outside the scope of rule 12.2(a).

■ No doctors or experts were called to testify concerning the appellant's possible defective mental state, and the competency report was not introduced. The only possible question of appellant's mental condition arose as a result of the testimony given by Gregory Lorenz and Dennis McDaniels, owners of a nightclub who fired appellant from his position there as a photographer because "he just didn't get the work done."

Lorenz stated that Winn "drank constantly," starting at 6 A.M., continuing throughout the day, and at night on the job at the nightclub. Lorenz concluded that "a normal person wouldn't do things he does." McDaniels testified that the "main problem" with Winn was that "he wasn't showing up . . .. He was drinking heavily, and we finally just had to 86 him from the bar." According to McDaniels, Winn's drinking earned him the nickname "Crazy George" at one particular bar. The trial judge ruled, at the same time he denied the requested instruction for failure to comply with Fed.R.Crim.P. 12.2(a), that there was insufficient evidence to give an instruction based on either insanity or lack of specific intent by reason of mental defect.

We agree. The evidence at trial concerned appellant's irresponsibility and drinking—not mental disease or defect. The testimony of Lorenz and McDaniels in no way indicated that Winn was mentally incapable of committing the offense charged. Thus, the trial court's refusal to give an instruction relating mental defect short of insanity to specific intent was not error.[2]

## IV. *Sufficiency of Evidence*

Appellant contends that the evidence was insufficient to prove specific intent, a necessary element of the crime charged.

1. "Where a defendant has raised the issue of his insanity, and the jury finds from the evidence in the case beyond a reasonable doubt that the accused was not insane at the time of the alleged offense, it is still the duty of the jury to consider all the evidence in the case which may aid determination of state of mind, including all evidence offered on the issue as to insanity, in order to determine whether the defendant acted or failed to act with specific intent, as charged.

"If the evidence in the case leaves the jury with a reasonable doubt whether the mind of the accused was capable of forming, or did form, specific intent to commit the crime charged, the jury should acquit the accused.

"As stated before, the law never imposes upon a defendant the burden or duty of calling any witnesses or producing any evidence."

The instruction as written was clearly inappropriate since it is predicated on the defendant's having successfully raised the issue of insanity.

2. The trial court properly gave the following instruction on intoxication:

"Although intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime, the fact that a person may have been intoxicated at the time of the commission of a crime may negate the existence of a specific intent.

"So, evidence that a defendant acted or failed to act while in a state of intoxication is to be considered in determining whether or not the defendant acted or failed to act with specific intent, as charged.

"If the evidence leaves the jury with a reasonable doubt whether, because of the degree of his intoxication, the mind of the accused was capable of forming or did form specific intent to commit the crime charged, the jury should acquit the accused.

"The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence."

It is well established that on appeal, the evidence must be construed in the light most favorable to the Government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Ramirez-Rodriquez,* 552 F.2d 883, 884 (9th Cir. 1977); *United States v. Manuel-Baca,* 421 F.2d 781, 782–83 (9th Cir.), *cert. denied,* 399 U.S. 933, 90 S.Ct. 2269, 26 L.Ed.2d 804 (1970). All reasonable inferences from the evidence must be drawn favorably to the Government as the prevailing party. *Yeargain v. United States,* 314 F.2d 881, 882 (9th Cir. 1963). Moreover, as stated in *Ramirez-Rodriquez,* 552 F.2d at 884:

> [I]t is the exclusive function of the jury to weigh the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts. Circumstantial and testimonial evidence are indistinguishable insofar as the jury factfinding function is concerned, and circumstantial evidence can be used to prove any fact.

(Citations omitted.) The proper test is whether the jurors could reasonably arrive at their conclusion. *United States v. Prohart,* 469 F.2d 1089, 1090 (9th Cir. 1972); *United States v. Ordones,* 469 F.2d 70, 71 (9th Cir. 1972).

18 U.S.C. § 1542, quoted in pertinent part, applies to whomever

> willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws . . . .

The court correctly instructed the jury that "an act is done willfully if done voluntarily and intentionally and with the specific intent to do something the law forbids; that is to say, with a purpose either to disobey or disregard the law." The jury could have reasonably arrived at the conclusion that it was appellant's purpose to disobey the law by making a false statement in his application for a passport. The clerk read the oath of truthfulness to him, and he swore that all the statements on the application were true. Moreover, immediately above his signature with a false name was a warning that false statements on the application were violations of law. The evidence was sufficient.

## V. Competency Report

Appellant's remaining contentions concern the pretrial competency report. He argues that he should have been shown the report prior to the court's considering it. In the alternative, he argues that permitting his first attorney to stipulate to the report after that attorney had asked to be relieved as his counsel was error, and that the report should first have been given to his new counsel. Appellant neither cites nor even suggests any authority for these contentions, and we can find none.

18 U.S.C. § 4244 governs the psychiatric examination and evaluation of federal criminal defendants. That statute provides that on the motion of the U.S. Attorney, the defendant, or the court *sua sponte,* the court "shall cause the accused . . . to be examined . . . by at least one qualified psychiatrist, who shall *report to the court.*" (Emphasis added.) The statute further provides that, *if* the psychiatrist's report indicates a state of present insanity or incompetency, the court shall hold a hearing on the question of the defendant's mental state.

Where the psychiatrist's report does not indicate a present state of insanity or incompetency and thus no hearing is required, " 'there is no reason to furnish a copy of such report to anyone. The better practice would seem to be not to do so lest it might be brought to the notice of the jury in violation of the statute.' " *United States v. Bell,* 57 F.R.D. 31, 32 (E.D.Tenn.1972), *quoting United States v. Everett,* 146 F.Supp. 54, 56 (D.Kan.1956). *Accord, United States v. Chaussee,* 536 F.2d 637, 641–42 (7th Cir. 1976).

Where a hearing is required and the reporting psychiatrist testifies therein, the First Circuit has suggested that his report

should be available to both the prosecution and the defense as a basis for their direct and cross examination of him. *In re Harmon,* 425 F.2d 916, 918 (1st Cir. 1970). However, § 4244 does not require that the reporting psychiatrist testify at the hearing. *United States v. Shepard,* 538 F.2d 107, 109 (6th Cir. 1976). Thus, disclosure of the report is not necessarily mandated even where the report indicates insanity or incompetency.

█ Certainly, whenever a hearing is held without the testimony of the reporting psychiatrist, or whenever a competency hearing is not required, the decision whether to disclose the psychiatrist's report to the parties rests within the trial court's discretion. That discretion must be exercised with due consideration of the fact that disclosure of the report to the defendant himself may be detrimental to him. In *United States v. Moody,* 490 F.2d 866, 867 (5th Cir. 1974), the court held that a defendant was properly refused permission to purchase a copy of a deposition of the psychiatrist who had treated him because "it will be for [his] benefit and mental well being . . . in that he might be affected adversely by having access." For the same reason the Fifth Circuit has held that a defendant can be excluded from his own competency hearing. *Johnson v. United States,* 293 F.2d 100, 102 (5th Cir. 1961).

█ Similarly, while the Federal Rules of Criminal Procedure do not expressly regulate the disclosure of competency reports to a defendant or his counsel, there is a helpful analogy in Fed.R.Crim.P. 32(c)(3) governing disclosure of presentence reports. That rule requires disclosure only upon request of the defendant or his counsel, and recognizes the discretion of the court to withhold information that might result in harm to the defendant or other persons.

█ In this case, the psychiatrist's report did not indicate a present state of insanity or incompetency, and thus neither a hearing nor disclosure of the report to anyone was required. The court, nonetheless, did disclose the competency report to both the Government and counsel for appellant, and held a competency hearing as well. The record clearly shows that appellant's first lawyer found nothing objectionable in the competency report. Furthermore, the court personally addressed appellant at his competency hearing concerning his evaluation of the report, and he replied only that he had not read it, making no request of the court or his attorneys to see it. Both his first and second attorneys were then present, and neither requested that appellant be shown the report. Appellant's second lawyer did not then request to see the report himself; nor, having read it after the competency hearing, did he object to the use of the report to determine appellant's competency at any later point in the course of the trial, although the court's duty to evaluate a defendant's competency continues throughout the proceedings. In light of these facts and the considerations that must influence a decision to disclose the competency report, including the likelihood of injury to the defendant from access to it, we think the court was well within its discretion in ruling on appellant's competency without first offering the report to appellant or his second attorney absent any request to do so.[3]

█ Appellant's claim is thus reduced to a challenge to the trial court's finding of competency in reliance on the psychiatrist's report. Such a finding is one of fact which may not be set aside on review unless it is clearly erroneous. *See United States v. Shepard,* 538 F.2d 107, 110 (6th Cir. 1976); *United States v. Fratus,* 530 F.2d 644, 647 (5th Cir.), *cert. denied,* 429 U.S. 846, 97 S.Ct. 130, 50 L.Ed.2d 118 (1976); *United States v. Irvin,* 450 F.2d 968, 971 (9th Cir. 1971) (dissenting opinion); *In re Harmon,* 425 F.2d 916, 918 (1st Cir. 1970); *Hall v. United States,* 410 F.2d 653, 658 (4th Cir.), *cert. denied,* 396 U.S. 970, 90 S.Ct. 455,

---

**3.** Appellant does not claim he was rendered ineffective assistance of counsel, nor could he solely on the basis of his attorney's decision not to disclose the contents of the psychiatrist's report in view of the considerations we have outlined.

24 L.Ed.2d 436 (1969); *Feguer v. United States,* 302 F.2d 214, 236 (8th Cir.), *cert. denied,* 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962). The testimony of medical experts on the issue is only one factor. *See United States v. Horowitz,* 360 F.Supp. 772, 777 (E.D.Pa.1973). No objection to the substance of the report was made at any time below, and there is no basis whatsoever for a finding on appeal that the trial court's determination of appellant's competency was clearly erroneous.

Therefore, we find appellant's objections involving the competency report to be without merit.

AFFIRMED.