904 F.2d 708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacob Babajide Adebowale GRILLO, Defendant-Appellant.
 No. 90-5130.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1990.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Defendant-appellant Jacob Babajide Adebowale Grillo appeals his conviction for making a false statement in an application for a passport, a violation of 18 U.S.C. Sec. 1542. Defendant also appeals his sentence.
 
 
 2
 We conclude that the evidence in the record is sufficient to support defendant's conviction and that the prosecutor's conduct did not deny defendant a fair trial. The district court appropriately enhanced defendant's sentencing range, based on a finding of fact that was not clearly erroneous. Thus, we affirm.
 
 I.
 
 3
 Defendant, a native of Nigeria, became a permanent resident alien of the United States in 1982 because of his marriage to an American citizen, Ms. Cheryl Howard. The couple divorced in 1983. During the trial in 1989, Ms. Mary Edwards, nicknamed Chaka, testified that defendant had been living with her in Nashville for six years.
 
 
 4
 The charge against defendant arose out of an incident on November 13, 1987. On that date, a person applied for a passport in the name of Jacob Babajide Adebowale Grillo at the post office in Nashville. The postal employee, Ms. Ruth Kelly, found the photograph accompanying the application to be a good likeness of the person presenting the application. The application listed the applicant's birthplace as Nashville, Tennessee. The application was signed and sworn to in the postal employee's presence. A partially destroyed passport was submitted as proof of United States citizenship.
 
 
 5
 This passport had been burned, had no photo on it, contained only the last name of the person to whom the passport had been issued, and had the place of birth burned off except for "U.S.A." A review of the passport office's records revealed that no passport had ever been issued in the name of Jacob Babajide Adebowale Grillo, but that a passport had been issued to Cheryl Howard Grillo in 1982.
 
 
 6
 Appellee's Brief at 3 (citations omitted).
 
 
 7
 A federal grand jury indicted defendant on June 19, 1989 and charged him with violating 18 U.S.C. Sec. 1542 by making a false statement on a passport application. Upon evidence tending to prove that defendant applied for the passport and falsely represented his place of birth, a jury convicted him of the charge. The district court imposed sentence of five months incarceration and three years supervised release. This appeal followed.
 
 II.
 A. Sufficiency of the Evidence
 
 8
 Defendant argues that the evidence is insufficient to support his conviction. He argues that he "was entitled to a verdict of not guilty unless the proof established each element of this offense, including the intent to induce and secure the passport for his own use."
 
 
 9
 The standard to be applied by this court when reviewing a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979), quoted in United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985). "Circumstantial evidence is entitled to the same weight as direct evidence in this calculus [of determining sufficiency]." Holland v. United States, 348 U.S. 121 (1954), quoted in Gallo, 763 F.2d at 1518.
 
 
 10
 Defendant was convicted of violating 18 U.S.C. Sec. 1542. Section 1542 prohibits the making of a false statement in an application for a passport.
 
 
 11
 Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or
 
 
 12
 Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement--
 
 
 13
 Shall be fined not more than $2,000 or imprisoned not more than five years, or both. [Emphasis added].
 
 
 14
 18 U.S.C. Sec. 1542.
 
 
 15
 We note that the statute language merely requires "intent to induce or secure the issuance of a passport ... either for his own use or the use of another." The Eleventh Circuit has observed:
 
 
 16
 Section 1542 proscribes "willfully and knowingly" making a false statement in a passport application. The crime is complete when one makes a statement one knows is untrue to procure a passport. See Browder v. United States, 312 U.S. 335, 337, 61 S.Ct. 599, 601, 85 L.Ed. 862 (1941); United States v. Winn, 577 F.2d 86, 91 (9th Cir.1978). Good or bad motives are irrelevant. Browder, 312 U.S. at 337-38, 61 S.Ct. 599, 601, 85 L.Ed. 862; United States v. Washington, 705 F.2d 489, 493-94 (D.C.Cir.1983).
 
 
 17
 United States v. O'Bryant, 775 F.2d 1528, 1535 (11th Cir.1985). It is clear, therefore, that the defendant's claim that the government failed to prove his intent to secure the passport for his own use is meritless; such proof is not required by section 1542.
 
 
 18
 The evidence introduced at trial was sufficient to support defendant's conviction. The postal employee testified that the photograph was of the person making the application and that that person signed the application in her presence. A handwriting expert testified that the signature on the application was the defendant's. The application falsely declared that the applicant's place of birth was Nashville, Tennessee, information defendant knew to be false. Viewing that evidence in the light most favorable to the prosecution, a rational trier of fact could have found a violation of section 1542 beyond a reasonable doubt.
 
 B. Conduct of the Prosecutor
 
 19
 Defendant claims he "was deprived of a fair trial by the cumulative effect of the improper questioning and argument of government counsel."
 
 
 20
 We have previously discussed guidelines for consideration of allegedly improper remarks made by the prosecution.
 
 
 21
 In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proofs introduced to establish the guilt of the accused.
 
 
 22
 United States v. Leon, 534 F.2d 667, 679 (6th Cir.1976) (citation omitted). We have held that improper prosecutorial conduct may result in reversible error. United States v. Bess, 593 F.2d 749 (6th Cir.1979). "More commonly, however, the complained-of conduct will not rise to reversible error, notably if it is not flagrant, where proof of guilt is overwhelming, where counsel does not object and/or where the trial judge steps in and admonishes the jury." Id. at 757. Recently, we held that "[t]o warrant a new trial, ... prosecutorial misconduct 'must be so pronounced and persistent that it permeates the entire atmosphere of the trial.' " United States v. Thomas, 728 F.2d 313, 320 (6th Cir.1984) (citations omitted).
 
 
 23
 Defendant complains of three actions of the prosecutor: 1) reference in the opening statement to defendant's use of multiple identities; 2) comments in the government's concluding argument concerning the operation of the passport system and defendant's status as an alien; and 3) comments during the cross-examination of defendant regarding defendant's knowledge of sham marriages.
 
 
 24
 We have carefully reviewed the record and find that none of the prosecutor's comments, even those arguably improper, "permeated" the proceeding, tended to mislead the jury, or, given the strength of the case against the defendant, resulted in unfair prejudice.
 
 C. Sentence Enhancement
 
 25
 Defendant argues that the trial court "improperly enhanced" the applicable sentence range under the federal sentencing guidelines by determining that defendant had obstructed justice. The government argues that the district court appropriately increased defendant's offense level two levels and notes that the five month sentence imposed on defendant is within the range that would have applied had the court not enhanced the offense level.
 
 
 26
 Our review of a sentence imposed pursuant to the federal sentencing guidelines is limited.
 
 
 27
 Upon review of the record, the court of appeals shall determine whether the sentence--
 
 
 28
 (1) was imposed in violation of law;
 
 
 29
 (2) was imposed as a result of an incorrect application of the sentencing guidelines;
 
 
 30
 * * *
 
 
 31
 * * *
 
 
 32
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 33
 18 U.S.C. Sec. 3742(e).
 
 
 34
 The sentencing guidelines set forth a range of 0-6 months incarceration for defendant's base offense level (level 6, criminal history category I). The guidelines provide, however, for a two level increase in offense level if the defendant willfully obstructed justice.
 
 
 35
 Willfully Obstructing or Impeding Proceedings
 
 
 36
 If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels.
 
 
 37
 U.S.S.G. Sec. 3C1.1. This enhancement provision is for "a defendant who engages in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding, or otherwise to willfully interfere with the disposition of criminal charges, in respect to the instant offense." U.S.S.G. Sec. 3C1.1, comment. The applicable commentary indicates that untruthful testimony may constitute obstructing justice. See id.
 
 
 38
 The district court found that defendant's testimony was "a series of one lie after another," a finding we review under the clearly erroneous standard. The court found defendant's testimony to be "blatently false and intended to pervert the integrity of the judicial process." The court enhanced the offense level by two levels pursuant to U.S.S.G. Sec. 3C1.1, making the applicable range 2-8 months incarceration rather than 0-6 months. The court then sentenced defendant to five months incarceration.
 
 
 39
 The record is replete with inconsistent testimony by defendant. We recently addressed a similar situation and held that "there is no constitutional protection against increased sentencing where it is believed that the defendant attempted to obstruct justice by lying during his testimony." United States v. Acosta-Cazares, 878 F.2d 945, 953 (6th Cir.), cert. denied, 110 S.Ct. 255 (1989). Lying while testifying differs from merely denying guilt.
 
 
 40
 We note, however, that there is no constitutional right to testify untruthfully at trial. A defendant denies his guilt by pleading "not guilty" while not under oath. There is, however, no constitutional right to commit perjury either as a defendant testifying on his or her own behalf or as a witness testifying before a grand jury.
 
 
 41
 Id. (citations omitted).
 
 
 42
 This court must give "due regard" to the district court's consideration of the credibility of witnesses. The trial court here paid close attention to the defendant's credibility and concluded, upon abundant supporting evidence, that defendant had obstructed the judicial proceeding by lying. The court's finding was not clearly erroneous, and it was not error to enhance the base offense level for obstruction of the proceedings.
 
 III.
 
 43
 For the reasons given above, we AFFIRM defendant's conviction and sentence.
 
 
 44
 ENGEL, Senior Circuit Judge, concurring.
 
 
 45
 I write separately only to observe that there was, in my judgment, fully sufficient evidence that the defendant sought to procure the passport for his own use and that therefore it is not necessary to decide here whether the language in the statute establishes an independent element of the crime requiring the government to prove the intended use beyond a reasonable doubt. I agree with the quoted language from United States v. O'Bryant, 775 F.2d at 1535, to the effect that "good or bad motives are irrelevant" but I do not think the quote necessarily means that an intention to use or to obtain for another's use is for that reason unnecessary.
 
 
 46
 There was ample evidence that Grillo wanted to get the passport to which he was not entitled, that he purposely made a false statement to obtain it, and that once obtained he intended to possess it and to use it for his own purposes. I do not think it is necessary to show for what specific purpose he intended to use it but certainly evidence of his frequent travels outside the country and of the advantages which possession of an American passport would possess for a foreign traveler are supportive of the jury's verdict, especially under the instructions as given by the court. I do not think anything further was required.
 
 
 47
 It is hard to imagine how one could do what Grillo did here without an intent to acquire for his own or someone else's use but I suppose some circumstance might arise making that distinction legally important. Certainly the jury could and did find under the instructions that the intention to use did exist here. In my judgment that is enough to support the conviction in any event.