1 F.3d 1248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Daniel PRATT, Defendant-Appellant.
 No. 92-50543.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 19, 1993.
 
 Before GIBSON,** HALL, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Robert Daniel Pratt appeals his jury conviction and sentence under the Sentencing Guidelines for forging an endorsement on a treasury check in violation of 18 U.S.C. Sec. 510(a)(1). The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. This court has jurisdiction pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Pratt argues that the district court erred in refusing to give the jury his proposed instruction on the defense of voluntary intoxication. We disagree.
 
 
 4
 In order to be entitled to an voluntary intoxication instruction, Pratt had to produce some evidence that his drinking affected his ability to form the specific intent to defraud. United States v. Washington, 819 F.2d 221, 225 (9th Cir.1987). Pratt relies on three pieces of evidence to support his claim that he was intoxicated: the fact that he had been drinking prior to his arrest, the smell of alcohol on his breath at the time of his arrest, and his statement that he "just wasn't thinking straight." Pratt's first two points only suggest that he had been drinking. They do not demonstrate that his drinking in any way affected his actions or intentions. Pratt's failure to think straight is also not probative, as Pratt himself attributed it to his preoccupation with money and not to intoxication. The remaining evidence suggests that Pratt experienced no mental or physical impairment. Pratt recited Mr. McLurkin's name and address from memory, understood and answered the clerk's questions, and exhibited no lack of physical coordination.
 
 
 5
 Thus, we hold that Pratt's voluntary intoxication instruction had no "foundation in the evidence" and was properly denied. See United States v. Winn, 577 F.2d 86, 90 (9th Cir.1978). As in Washington, Pratt's instruction was rejected not because the evidence of impairment due to alcohol was weak or suspect, but because it was nonexistent. See Washington, 819 F.2d at 225.
 
 II
 
 6
 Pratt contends that the district court also erred by failing to instruct the jury that it was required to acquit Pratt if it found that Pratt believed he had permission to endorse the payee's name on the check. We find this claim meritless.
 
 
 7
 The district court instructed the jury that the government had to prove that defendant acted with specific intent to defraud. It further explained that to act with specific intent to defraud a person must act willfully and with the intent to deceive or cheat. We are confident that if the jury found that Pratt honestly believed he had permission to endorse the check, then under the instructions it was given, it would have been required to return an acquittal. Pratt was not entitled to a separate good faith instruction. See United States v. Bonanno, 852 F.2d 434, 440 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989); United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987), cert. denied, 484 U.S. 1046 (1988).
 
 III
 
 8
 Pratt challenges his sentence by arguing that the district court erred in concluding he committed perjury and in increasing his offense level from six to eight pursuant to Sec. 3C1.1 of the Sentencing Guidelines. Such enhancement is appropriate if the district court "makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury." United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993). Pratt argues that he did not commit perjury because he did nothing more than deny his intent to defraud and because his denial was supported by at least some of the evidence.
 
 
 9
 We find this argument unpersuasive. The perjurious aspect of Pratt's testimony was not that he denied an intent to defraud, but that he supported his denial with a willfully fabricated story about receiving permission to cash the check. We cannot say that the district court clearly erred in concluding that this testimony was false and that it was intentionally offered for the purpose of escaping conviction. Consequently, the court's finding of perjury and its enhancement of the offense level were justified.
 
 IV
 
 10
 Pratt's final contention is that his $10,000 fine was not based on a sufficient finding of his ability to pay as required by Sec. 5E1.2 of the Sentencing Guidelines. On the contrary, the record reveals that the district court considered Pratt's earning capacity, his financial resources, and the burden a fine would have on his dependents. In the end, it adopted the presentence report's conclusion that Pratt had the ability to pay based on his unencumbered ownership of a home valued at $75,000.[1] We cannot say that this finding was clearly erroneous.
 
 
 11
 Appellant's conviction and sentence are AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge, Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Significantly, Pratt never disputed his ownership of the house. He affirmed the factual accuracy of the presentence report, which listed the home as an asset, and did not challenge the district court's conclusion at the sentencing hearing that he was the owner of the home