**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rex E. DOHERTY, Defendant—Appellant.**

No. 02–10540.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided March 15, 2004.

Miles Ehrlich, AUSA, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Donald M. Horgan, Dennis P. Riordan, Esq., Riordan and Horgan, San Francisco, CA, for Defendant–Appellant.

Before: ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Rex Doherty appeals his convictions on six counts of making false statements to a bank under 18 U.S.C. § 1014 and six counts of bank fraud under 18 U.S.C. § 1344. On appeal, Doherty argues that the district court abused its discretion when it limited the scope of cross-examination and excluded certain evidence. Doherty contends that exclusion of the evidence violated his constitutional right to present a defense. Doherty also argues that the district court erred when it rejected his proposed modification to the jury instructions, which he maintains reflected his theory of the defense and would have prevented a constructive amendment of the indictment.

We affirm the district court.

### I

We review the district court's admission or exclusion of evidence for an abuse of discretion. *See United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002). We review limitations on the scope of cross examination for an abuse of discretion. *United States v. Whitworth,* 856 F.2d 1268, 1283 (9th Cir.1988). "We cannot merely substitute our judgment for that of the district court to reverse under this standard, but must have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon consideration of the relevant factors." *Id.*

■ Doherty argues that the district court improperly excluded evidence that would have demonstrated that one of his employees, Bob Cook, engaged in illicit business practices apart from the transactions disputed in this case. Doherty asserted that he had agreed to act as a guarantor on a motor home lease; however, Cook inserted Doherty's name as the lessee instead. Doherty claimed that Cook's deception was discovered when the lease went into default and Doherty was sued. We agree with the district court's finding that this evidence is "too far afield." The simple fact that Doherty was sued does not establish wrongdoing on Cook's part. It was not an abuse of discretion for the district court to limit the scope of cross-examination. The court properly excluded testimony regarding the motor home lease.

Doherty argues that exclusion of the motor home evidence rises to the level of a constitutional violation of his right to present a defense. Doherty cites *Franklin v. Henry,* 122 F.3d 1270 (9th Cir.1997) to support his argument. This case is distinguishable. In *Franklin* we found that exclusion of certain evidence denied the defendant "the basic right to have the prosecutor's case encounter and survive the crucible of meaningful testing." *Id.* at 1273 (citation and internal quotations omitted). In this case, Doherty was given ample opportunity to introduce evidence that he relied heavily on his employees and that he did not know that he was submitting false documents to lending institutions. We hold that Doherty's constitutional right to present a defense was not compromised.

■ Doherty also argues that the district court should have allowed the motor home testimony because the government opened the door to the testimony on cross-examination when Doherty was asked if

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cook ever lied about matters involving Doherty's personal financial affairs.

Under the rule of curative admissibility, or the "opening the door" doctrine, the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission. The doctrine does not permit the introduction of evidence that is related to a different issue or is irrelevant to the evidence previously admitted.

*Whitworth,* 856 F.2d at 1285 (internal citations omitted). While the government may have "opened the door" to the motor home testimony, Doherty's offer of proof to the district court did not articulate that the testimony was admissible because the door had been opened. "When the trial court excludes evidence, failure to make a timely invocation of the grounds for the admission of the evidence renders the issue reviewable only for plain error." *Hudspeth v. Comm'r,* 914 F.2d 1207, 1215 (9th Cir.1990) (citing FED.R.EVID. 103(a)(2), (d)); *see also United States v. Sims,* 617 F.2d 1371, 1376–77 (9th Cir.1980).

"Under the plain error standard, the defendant must show that (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. If such a finding is made, this court is still not required to reverse unless the error 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.' " *United States. v. Alli,* 344 F.3d 1002, 1007 (9th Cir.2003) (citations and internal quotations omitted). "In applying the plain error standard we consider all circumstances at trial including the strength of the evidence against the defendant." *United States v. Campbell,* 42 F.3d 1199, 1204 (9th Cir.1994) (quotations omitted). *See also United States v. Romero–Avila,* 210 F.3d 1017, 1022 (9th Cir.2000). Considering the weighty evidence at trial of Doherty's guilt and the jury's ample opportunity to consider defense's theory that Cook had created false documents without Doherty's knowledge, we cannot say that any possible error here seriously affected the fairness and integrity of the trial and warrants reversal.

## II

Doherty contends that the district court constructively amended the indictment by denying his proposed addition of the phrase "at the time they [reports or statements] were made" to the definition of the word "knowingly" in the jury instructions. "The Fifth Amendment's Grand Jury Clause endows defendants who are charged with felonies with a substantial right to be tried only on the charges set forth in an indictment by a grand jury." *United States v. Shipsey,* 190 F.3d 1081, 1085 (9th Cir.1999). We review de novo whether a district court constructively amended an indictment. *United States v. Adamson,* 291 F.3d 606, 612 (9th Cir.2002).

Doherty contends that his proposed modification to the jury instruction would have limited the jury's deliberations to the charged theory that he knew the documents were false at the time they were given to the lending institutions. He claims that the instruction given allowed the jury to convict on the uncharged theory that he did not know the financial statements were false when submitted but later discovered they were false and failed to notify the lending institutions. In contrast to the cases upon which Doherty relies in his brief, the district court did not instruct the jury on the alleged alternative theory nor did Doherty or the government offer proof directed toward the uncharged theory. Doherty points to only one place in the record in support of his argument that the uncharged theory was presented to the

jury; however, that exchange does not mention the theory. We hold that the district court did not constructively amend the indictment by refusing Doherty's amendment to the jury instructions.

## III

█ Doherty also briefly argues that the district court should have allowed the requested addition to the jury instructions because it reflected the theory of the defense. This argument is not persuasive. "'A defendant is entitled to an instruction concerning his theory of the case if it is supported by law and has *some* foundation in the evidence.'" *United States v. Escobar de Bright*, 742 F.2d 1196, 1198 (9th Cir.1984) (quoting *United States v. Winn*, 577 F.2d 86, 90 (9th Cir.1978) (emphasis added)). In his brief, Doherty asserts that the defense strategy was to show that he did not know of the false statements in the documents provided to the lending institutions because those documents were prepared by others whom he had no reason to suspect would alter his tax returns or falsify his financial statements. Doherty never presented a defense based on the theory that he only later discovered that the documents submitted to the lending institutions were false. We hold that the requested addition to the jury instruction did not reflect the theory of the defense.

**AFFIRMED.**