**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nedal SHAHWAN, aka: Michael Schawan, Defendant–Appellant.**

**No. 06–10136.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2007 *.

Filed Feb. 26, 2007.

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew A. Lamberti, USSJ–Office of the U.S. Attorney, San Jose, CA, Barbara J. Valliere, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Cynthia C. Lie, Esq., FPDCA–Federal Public Defender's Office, San Jose, CA, for Defendant–Appellant.

Before: RYMER and SILVERMAN, Circuit Judges, and REED **, District Judge.

### MEMORANDUM ***

Nedal Shahwan appeals his conviction for willfully and knowingly making a false statement on a passport application in violation of 18 U.S.C. § 1542. We affirm.

The defense theory at trial was that Shahwan believed his mother's recent account of his history; this made the real issue, as Shahwan's counsel put it, whether he knew his mother's story was false when he submitted the passport application. While we do not agree with the government that Shahwan's 1997 Form I–485 application based on his marriage to a United States citizen and related documents are inextricably intertwined with the charged offense, we cannot say that the district court abused its discretion in admitting the application, all of the documents that Shahwan produced at the hearing officer's request, and evidence related to its disposition for the limited purpose of showing motive and intent. This evidence sheds light on Shahwan's motive and intent in making the very different statements he made on his passport application, and in trying to stay in this country. Thus, the documents and testimony about the disposition were admissible under Fed.R.Evid. 404(b) for the limited purpose the district court permitted. *See, e.g., United States v. Dhingra,* 371 F.3d 557, 566 (9th Cir. 2004); *United States v. Hicks,* 217 F.3d 1038, 1046–47 (9th Cir.2000). Although the basis for denying the application—insufficient evidence of a bona fide marriage under the immigration laws—itself had no tendency to prove an element at issue in Shahwan's trial, the court instructed the jury that whether the reasons for the disposition were right or wrong was not relevant and should not be considered. We presume jurors follow the court's instructions, and did not consider the I–485 evidence for more than the limited purpose allowed. Nor does it appear that evidence relating to the I–485 application was unduly prejudicial even though many of the documents bore on the bona fides of Shahwan's prior marriage; Shahwan himself submitted all of them, and there is nothing inherently inflammatory about any of them.

AFFIRMED.

REED, District Judge, concurring in the judgment:

Because I would find that evidence of Appellant's previous marriage "other acts"

---

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence and was not admissible to show motive or intent under Rule 404(b) and because admission of this evidence was unduly prejudicial, I would hold that it was an abuse of discretion to admit evidence concerning Appellant's previous marriage. I nonetheless join the majority in affirming Appellant's conviction because I find that the error was harmless.

The government argues in large part that the evidence at issue was not prior act evidence. I disagree. Appellant's previous marriage and his attempt to become a lawful permanent resident are not part of a "single criminal episode," *see United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir.1993), and are not "inextricably intertwined," *see United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Therefore, to be admissible, the evidence must meet the requirements of Rule 404(b).

The district court admitted the evidence because it tended to show motive and intent. Evidence of Appellant's previous marriage does not go to his motive to make false statements in connection with his passport application;[1] the evidence only goes to his intent. False statements on a passport application are criminally sanctioned under 18 U.S.C. § 1542 when the statements are made willfully. A false statement is made willfully where it is made voluntarily and intentionally with the specific intent of disobeying or disregarding the law. *United States v. Zamora–Sanchez*, 959 F.2d 243 (9th Cir.1992) (citing *United States v. Winn*, 577 F.2d 86 (9th Cir.1978)). The bona fides of Appellant's previous marriage go to the willful nature of his false statements. The logic would be that because Plaintiff had previously lied to stay in the country (by entering into a "sham marriage"), it is more probable that he willfully made false statements to attain citizenship on this occasion.

Because the evidence of Appellant's previous marriage only goes to intent, his previous marriage must be similar to the offense charged to be admissible under Rule 404(b). It is only at the most general level of abstraction that similarities can be found between Appellant's previous marriage and the offense charged. At their most general levels, the two acts were similar because in both instances Appellant engaged in large-scale lies in order to lawfully stay in the United States. This superficial similarity between the acts is insufficient to satisfy the similarity requirement of this Circuit's test under Rule 404(b). Appellant allegedly entered into a sham marriage in order to become a lawful permanent resident. In the offense charged, he claimed to have been born in California to obtain a United States passport. The prior act and offense charged need not be identical to satisfy the similarity requirement. *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir.1997). But, where a prior act goes to intent, a greater level of similarity than is presented in this case is required to satisfy our test under Rule 404(b). The bona fides of Appellant's previous marriage is more probative of Appellant's propensity to lie than the willful nature of his false statements on the passport application.

Prior act evidence can also be excluded under Rule 403 if its prejudicial effect outweighs its probative value. *United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir.1989). It is assumed by all the parties that admission of evidence of Appellant's previous I–485, the biographical data he supplied in the I–485, and the denial of his I–485 was admissible. This admissible evi-

---

1. Evidence that the application was denied, however, does tend to show motive. Appel-

lant does not challenge the admissibility of this evidence.

dence tended to show that Appellant had the requisite knowledge and intent when he made false statements in his passport application. Against this evidentiary backdrop, evidence indicating that Appellant's previous marriage was a sham had little probative value. A significant amount of evidence was required to demonstrate that the marriage was a sham—of the three days during which evidence was presented, half a day was spent on this issue. This evidence was not more probative than prejudicial under Rule 403. And the emphasis on this evidence at trial ran the risk that the jury might seek to punish Appellant for acts other than the offense charged, which is precisely what Rule 404(b) is designed to avoid.

I nonetheless join in the judgment because the admission of the evidence concerning Appellant's marriage was harmless error. In determining whether an error is harmless, the reviewing court examines the entire record "to determine whether the jury would have reached a different conclusion absent the error." *United States v. Hill*, 953 F.2d 452, 458 (9th Cir. 1991). The prosecution's reliance on the inadmissible evidence in its closing and rebuttal arguments was rather minimal. The bulk of the prosecution's arguments concerned the inconsistencies in the biographical information Appellant provided and the lack of credibility of his mother's affidavit. The I–485 application was primarily relied on for its inconsistencies with Appellant's passport application, which was circumstantial evidence that he knew the statements were false. And, it was argued that the denial of the I–485 provided Appellant's motive. These arguments, which relied on properly admitted evidence, dominated the prosecution's closing

and rebuttal arguments. Given the extent of admissible evidence against Appellant, it appears more probable than not that the erroneous admission of evidence did not affect the jury's verdict.

Therefore, I join the majority in affirming the conviction.