**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4807**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

       v.

JOSEPH LEON BRUMBY, JR., a/k/a Yasir Justice El Bey, a/k/a
Yasir Justice El-Bey,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:13-cr-00462-CCE-1)

———————

Submitted:  June 18, 2015          Decided:  June 22, 2015

———————

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Eric D. Placke, First
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Ripley Rand, United States Attorney, Kyle D.
Pousson, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Joseph Leon Brumby, Jr., of making a false statement in a passport application, in violation of 18 U.S.C. § 1542 (2012), and using or attempting to use a false passport, in violation of 18 U.S.C. § 1543 (2012). On appeal, Brumby contends that the district court erred in denying his motion for a judgment of acquittal under Fed. R. Crim. P. 29 because the Government presented insufficient evidence to sustain his convictions. Finding no error, we affirm.

We review de novo challenges to the sufficiency of evidence and a district court's denial of a motion for a judgment of acquittal under Rule 29. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Perry, 757 F.3d 166, 175 (4th Cir. 2014) (emphasis and internal quotation marks omitted), cert. denied, 135 S. Ct. 1000 (2015). In evaluating whether substantial evidence supports a conviction, we must "view[] the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government." Id. (internal quotation marks omitted).

To obtain a conviction for making a false statement in a passport application, the Government must prove that Brumby (1) willfully and knowingly, (2) made a false statement in a passport application, (3) with intent to induce or secure a passport. 18 U.S.C. § 1542. To obtain a conviction for using or attempting to use a false passport, the Government must prove that Brumby (1) willfully and knowingly, (2) used or attempted to use, (3) an instrument purporting to be a passport. 18 U.S.C. § 1543.

Although Brumby acknowledges that a passport acceptance clerk received an application for a Yasir Justice El Bey that contained both a false statement and a fake passport, he contends that the Government failed to submit sufficient evidence demonstrating that he submitted the application. Trial testimony, however, showed that (1) identification materials, including the fake passport, contained pictures matching Brumby's appearance; (2) the passport acceptance clerk had a practice of comparing identifying photos to the applicant when accepting an application; (3) a friend of Brumby's accompanied Brumby to the passport office and signed an affidavit in support of the application; and (4) Brumby used the alias Yasir Justice El Bey on other occasions. Accordingly, the Government presented sufficient evidence to permit a jury to conclude that

3

Brumby submitted the passport application in question, and used a false passport in doing so.

Brumby also contends that, even if he submitted the application, the Government failed to prove that he intended to secure a passport through the application. This assertion fails. First, the application identifies travel plans necessitating a passport. Second, by putting forth evidence that Brumby took an oath and attested that the statements on the passport application were true and correct, the Government presented sufficient evidence for the jury to conclude that Brumby intended to secure a passport through the application. See United States v. Winn, 577 F.2d 86, 91 (9th Cir. 1978) (holding defendant's oath of truthfulness and signature under warning that false statements violated law provided sufficient evidence of specific intent).

Accordingly, we affirm Brumby's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED